MOORE, Judge.
This is a timely appeal from a judgment of guilt and an order placing appellant on probation.
Appellant entered a plea of guilty to the charge of grand larceny. He was thereafter adjudged guilty and an order placing him on probation for a period of five years was simultaneously entered. The probation order required appellant to make restitution to the victim in the amount of $4,300 at the rate of $200 per month. Upon completion of the restitution appellant was then ordered to serve a three year period of imprisonment in the custody of the Department of Offender Rehabilitation. Although not indicated in the probation order the circuit court minutes reflect that upon completion of restitution the prison sentence may be mitigated to one year in the county jail.
The issue presented by this unusual order of probation is whether or not a term of *627 imprisonment, as a condition of probation, can be ordered to commence upon the completion of a prior probationary period without the probationer having been charged with any violations of that probation.
The authority of placing an individual on probation is contained in Chapter 948, Florida Statutes (1977). Section 948.01(4) provides:
“Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.” (Emphasis added).
It appears obvious from the above language that the legislature intended probation to follow, and not precede, any period of incarceration. It is well settled that a period of incarceration can be imposed as a condition of probation. Lewis v. State, 298 So.2d 540 (Fla. 4th DC A 1974). Similarly, intermittent periods of incarceration during a probationary period have also been approved. State v. Williams, 231 So.2d 69 (Fla. 2d DCA 1970). In each of these approved procedures, however, the period of actual probation during which the probationer was under supervision followed the period of incarceration. We therefore find the afore-cited cases to be distinguishable and not controlling.
We turn now to the practical effect of the order of probation in the instant case. The prison sentence is “to commence when restitution is made.” Although the trial court apparently was attempting to insure that restitution would be made, let us suppose that, through no fault of his own, the probationer failed to make restitution for the five years of his probation. Under such circumstances the probationary period would terminate without the probationer having made restitution or served his incarceration. Perhaps this was not the intent of the trial court but we must, nevertheless, look to the clear language of the trial court’s order without speculating as to what might have been intended. See Falagan v. Wainwright, 195 So.2d 562 (Fla.1967).
In holding the order placing the appellant on probation improper for the foregoing reasons we also note the inconsistencies between the written order and the court’s minutes and between the written order and the terms of the plea negotiations. Accordingly, the judgment of guilt is affirmed and the order of probation is reversed and this cause is remanded for resentencing consistent with this opinion.
AFFIRMED in part; REVERSED in part.
DOWNEY, C. J., and LETTS, J., concur.