ERVIN, Judge.
Appellant, a corporation doing business in the State of Florida, appeals a special condition of probation which placed a restriction upon its chief executive officer individually from participating in the exterminating business in the Third Judicial Circuit during the term of the corporation’s probation, arguing that such restriction was an unlawful condition of probation. We agree and reverse.
The state’s amended information charged Robert M. Bales, the chief executive officer of the corporation, and the corporation itself, Donald & Bales Exterminating, Inc., with the offense of grand theft, i.e., the taking of money of the value of $100 or more but less than the value of $20,000. Although the charge as to Robert M. Bales individually was nolle prossed, the corporation entered a plea of nolo conten-dere, and, as part of a negotiated plea, agreed that it would not engage in pest control services in the Third Circuit for a period of two years from the sentencing date. In its written judgment of guilt, the court placed the corporation on probation for a period of five years, and directed that it not participate in the exterminating business directly or indirectly in the Third Judicial Circuit during the term of probation. Additionally, the court orally imposed as a further condition that Robert Bales individually not participate in the exterminating business in the Third Circuit during the term of probation placed upon the corporation.[1]
The issue on appeal is whether it is legal to impose restrictions upon the chief executive officer of a corporation as a condition of the corporation’s probation. The state responds that Robert M. Bales, once the case against him was dismissed, was no longer a party to the action below, and, as a stranger to the appeal, if he has doubts concerning the legality of the court’s imposition of probation, he should seek relief by declaratory judgment. We disagree. A defendant in a criminal case is specifically entitled to appeal from “[a]n order granting probation, whether or not guilt has been adjudicated.” Florida Rule of Appellate Procedure 9.140(b)(1)(B). And the corporation itself, because the condition was one which it could be made to suffer the consequences if Robert Bales breached it, had the right to raise the issue by direct appeal.
Although a trial court may impose reasonable conditions which relate to the offense involved, tend to assure the rehabilitation of the probationer, or the protection of the public, see State v. Heath, 343 So.2d 13 (Fla.1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179, it is not empowered to restrict unnecessarily the valid exercise of a valuable right or to impose conditions which are overbroad. See, e.g., Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977); Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977). For example, a period of probation in excess of that permitted by law was reduced, La Quire v. *80 State, 345 So.2d 788 (Fla. 4th DCA 1977); a condition directing a defendant to waive his Fourth Amendment rights was stricken, Grubbs v. State, 373 So.2d 905 (Fla.1979); as was a condition requiring a probationer to submit to warrantless searches by law enforcement officers of his person, residence or automobile. Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980); Smith v. State, 383 So.2d 991 (Fla. 5th DCA 1980).
If, as in the case at bar, the crime charged involves guilty knowledge or criminal intent, it is essential in order to substantiate the criminal liability of an officer of the corporation to show that he actually and personally performed the acts which constitute the offense, or that they were done by his direction or permission. 18B Am.Jur.2d Corporations § 1894 (1985). In that no evidence was presented that Robert M. Bales, in his capacity as chief executive officer of the corporation, did any of the acts constituting the offense of grand theft, we conclude that the trial court exceeded its authority by imposing, as a condition of the corporation’s probation, a restriction on the activities of Robert Bales as an individual.
The special condition appealed is reversed.
WIGGINTON, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.

. The state has argued that the oral pronouncements were “de hors the order appealed from and ... cannot be at issue before this court.” A defendant, nevertheless, has the right to have a sentence clarified when there is a conflict between the oral imposition of a sentence and the written sentence. See Brown v. State, 423 So.2d 599 (Fla. 3d DCA 1982); Robinson v. State, 407 So.2d 1038 (Fla. 1st DCA 1981); Tory v. State, 391 So.2d 743 (Fla. 4th DCA 1980). Although the language in the written order of probation at bar does not contain the restrictions reflected in the court's oral pronouncements, the appellant similarly has the right to appeal an illegal restriction which could, if unaltered, in the future affect its probationary status.