661 So.2d 26 (1994)
Gus Hansford CHITTY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-03431.
District Court of Appeal of Florida, Second District.
December 28, 1994.
*27 William Fuente, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant challenges five conditions of probation that were not orally pronounced at sentencing. We agree as to four of the conditions, but not as to the fifth.
Appellant first challenges condition seven, which provides that appellant is not to use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician, nor will he visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used. We have held that the portion of that condition that prohibits a probationer from visiting places where intoxicants are illegally sold, dispensed or used is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). However, we also held in Tomlinson that that portion of the condition prohibiting the excessive use of those substances must be stricken if not orally pronounced. Since that condition was not orally pronounced here, that portion of condition seven concerning excessive use of intoxicants must be stricken.
Next, appellant challenges conditions seventeen and eighteen, which respectively require him to pay $110 in costs of prosecution and $100 to the Hillsborough County Drug Fund. Although the imposition of these costs is statutorily permitted, appellant was not given notice of their imposition and was, therefore, denied the opportunity to object to the amount. Since this was error, those costs must be stricken. Mercer v. State, 604 So.2d 843 (Fla. 2d DCA 1992).
Appellant also challenges condition nineteen, which requires him to perform fifty hours of community service work. Since this condition was not pronounced in open court and is not imposed in every case, it also is a *28 special condition of probation that must be stricken. See Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992), clarified on rehearing, (Dec. 23, 1992); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
Finally, appellant challenges condition twenty-two, which requires him to forfeit his brass knuckles. Under section 790.08(2), Florida Statutes (1993), when a person is arrested for carrying a concealed weapon while committing or attempting to commit a felony, the concealed weapon "shall" become forfeited, without the need for an order of forfeiture. We conclude that under Olvey and Tillman, this statute provided sufficient notice since forfeiture is provided for in every case. Accordingly, this condition need not have been orally pronounced, and it need not be stricken.
We, accordingly, strike that portion of condition seven that prohibits the excessive use of intoxicants. We also strike conditions seventeen, eighteen and nineteen. We allow to stand condition twenty-two and that portion of condition seven that prohibits appellant from visiting places where intoxicants are illegally sold, dispensed or used.
RYDER, A.C.J., and PARKER, J., concur.