648 So.2d 308 (1995)
Phillip Frank LUBY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03384.
District Court of Appeal of Florida, Second District.
January 6, 1995.
William P. Murphy, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
The attorney for appellant, Phillip Frank Luby, has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he has found no issues of merit in the judgment and sentences entered in this case following Luby's no contest plea to charges of battery on a police officer, resisting arrest with violence, and battery. We affirm the judgment and sentences; however, our review of the record discloses that Conditions 4 and 9 of probation must be stricken and Condition 10 must be modified. We, therefore, reverse the conditions of probation which were improperly imposed and remand for further proceedings.
Condition 4 prohibits Luby from possessing, carrying or owning any weapons or firearms without first securing the consent of his probation officer. This court has held that condition implies that the defendant may possess a firearm with his probation officer's permission and must be stricken because, as a convicted felon, the defendant may not lawfully possess a firearm. See Pagan v. State, 637 So.2d 959 (Fla. 2d DCA 1994); Crawford v. State, 616 So.2d 1158 (Fla. 2d DCA 1993). See also Grate v. State, 623 So.2d 591 (Fla. 5th DCA 1993) (upholding the condition that the defendant not possess firearms but striking that portion which delegates the authority to approve possession by the probation officer).
Condition 9 orders Luby to pay one dollar per month to First Step, Inc. This *309 condition must be stricken because there is no statutory authority referenced for the imposition of those costs. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Accordingly, we strike both Conditions 4 and 9.
Condition 10 orders Luby to submit to random testing as directed by his probation officer, at his own expense, to determine the presence of alcohol or controlled substances. This condition was not orally pronounced at sentencing. Section 948.03(1)(j), Florida Statutes (1992), authorizes the imposition of the condition to submit for random drug testing; however, the additional requirement that the testing be conducted at "the defendant's own expense" is not authorized by section 948.03(1)(j). In Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992), the First District concluded that the additional requirement that the defendant submit to random testing at "his own expense" renders the condition a special condition which must be orally pronounced at sentencing. We, therefore, strike the words "at your own expense" from that condition and affirm the remainder of that condition. See Cumbie.
The judgment and sentences are affirmed. We remand this case to the trial court to strike from the order of probation Conditions 4 and 9, and to modify Condition 10 in accordance with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.