649 So.2d 300 (1995)
Samuel M. FITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02374.
District Court of Appeal of Florida, Second District.
January 20, 1995.
*301 Jeanne Coleman, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Samuel M. Fitts challenges the judgment and sentence for third-degree murder arising from the fatal beating of Carlos Velasquez on August 27, 1991.[1] He was adjudicated guilty and sentenced to ten years in prison followed by five years of probation. We affirm the judgment and sentence.
Special probation condition (4), reads:
You will neither possess, carry or own any weapons or firearms without first securing the consent of your Probation Officer.
We strike that portion of the condition that improperly implies that a convicted felon may possess a firearm with his probation officer's permission. Section 790.23, Florida Statutes (1991), makes it unlawful for any person convicted of a felony to own, possess, or have in his care, custody, or control any firearm, electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices. Thus, part of condition (4) is a general condition for which no oral pronouncement is needed, and we therefore affirm the portion of condition (4) prohibiting carrying, possessing, or owning firearms.
However, we strike the phrase "without first procuring the consent of your Probation Officer," because the statutory prohibition may not be waived. Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994). We strike the general prohibition of weapons, as opposed to firearms, in condition (4) because it was not orally pronounced at sentencing.
Special probation condition (6) reads:
You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.
Pursuant to Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994), we strike that portion of the condition prohibiting the excessive use of intoxicants because it was not orally pronounced at sentencing.
However, the remaining part of the condition is valid as a more precise definition of a general prohibition and need not be orally pronounced. Id. See also Chitty v. State, No. 93-003431, 1994 WL 714418 (Fla. 2d DCA Dec. 28, 1994).
We therefore affirm the judgment and sentence as modified by this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The appellant adopts the brief of his codefendant, Yancy Lamar Dunbar. Our disposition of the codefendant's appeal has been reported: Dunbar v. State, 633 So.2d 1136 (Fla. 2d DCA 1994).