PER CURIAM.
The appellant’s counsel has filed a brief in this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the appellant has not filed any pro se supplemental brief. In accordance with our duty under In re Anders Briefs, 581 So.2d 149 (Fla.1991), we have carefully reviewed the record and find that the appellant’s community control was properly re *565 voked and the sentence imposed for Circuit Court Case No. 88-9963 was within the statutory and guidelines parameters. Williams v. State, 594 So.2d 273 (Fla.1992).
However, we note a problem with several of the special conditions of probation imposed in Circuit Court Case No. 89-582. Accordingly, we strike that portion of condition number 4 which improperly implies that a convicted felon may possess a firearm with his probation officer’s permission. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995); Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992). As a convicted felon the appellant may not possess a firearm regardless of whether his probation officer has so consented. § 790.23, Fla.Stat. (1991); Fitts. We strike the general prohibition of possessing, carrying or owning any weapons, as opposed to firearms, in condition number 4 since this provision was not orally pronounced at sentencing. Id. We also strike that portion of condition number 6 which prohibits the appellant from using alcohol to excess and the entirety of condition number 12 which prohibits the appellant from consuming any alcoholic beverages, or visiting business where the main source of income is the sale of alcoholic beverages because these special conditions were also not pronounced at sentencing. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994); see generally, Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). As in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), we certify the following question as one of great importance:
DOES THE SUPREME COURT’S PROMULGATION OF THE “FORM ORDER OF PROBATION” IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
Affirmed as modified.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.

ON MOTION FOR REHEARING

Upon consideration of the appellee’s motion for rehearing filed on March 21,1995, we grant the motion for rehearing and we amend the prior opinion in this case, filed March 3, 1995, to add the following language at the end of the penultimate paragraph of the opinion:
As in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), we certify the following question as one of great importance:
DOES THE SUPREME COURT’S PROMULGATION OF THE “FORM ORDER OF PROBATION” IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY? 
DANAHY, A.C.J., and FULMER, J., concur.
SCHOONOVER, J., dissents.