PER CURIAM.
The appellant, James Daughtery, Jr., a/k/a James Dawson Andrews, challenges the trial court’s judgments and sentences. We affirm the appellant’s convictions, however, one of the appellant’s points on appeal regarding probation conditions merits discussion.
The appellant pled nolo contendere to sale of cocaine (count I), trafficking in cocaine (count II), aggravated assault on a law enforcement officer (counts III and IV), and resisting an officer with violence (count V), in violation of sections 893.13(1), 893.135, 784.07, and 843.01, Florida Statutes (1991). The appellant was adjudicated guilty and sentenced to concurrent terms of five and one-half years in prison for counts I, III, and IV, to be followed by nine years probation, and to five and one-half years in prison for count II, to run concurrently with the above counts, and followed by ten years probation. Count V was dismissed and this timely appeal followed.
The appellant contends that the trial court erred in imposing four conditions of probation. We agree as to three of those conditions.
The appellant first challenges probation condition (3) which states: “You will not possess, carry or own any weapons, firearms, or destructive devices.” We affirm that portion of condition (3) prohibiting possessing, carrying or owning firearms since it is a general condition for which no oral pronouncement is needed. Fitts v. State, 649 *1211 So.2d 300 (Fla. 2d DCA 1995). We, however, strike the general prohibition of weapons and destructive devices in condition (3) because it was not orally pronounced at sentencing.
The appellant also challenges probation condition (5) which states: “You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.” That portion of condition (5) providing that appellant is not to use intoxicants to excess is a special condition of probation that must be orally pronounced at sentencing. Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995). Since it was not orally pronounced, that portion of condition (5) is stricken. However, the remaining portion of that condition is affirmed since it is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. Chitty v. State, 20 Fla.L.Weekly D76,-So.2d-[1994 WL 714418] (Fla. 2d DCA Dec. 28, 1994).
Next, the appellant challenges probation condition (8) which states: “You will submit to and pay for random testing as directed by the supervising officer or professional staff of the treatment center where you are receiving treatment to determine the presence of alcohol or controlled substances.” This condition is affirmed since it was orally pronounced by the trial court. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
Last, the appellant challenges probation condition (20). This condition states:
You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with (alcohol) (any legal drug). If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the direction of your Supervising Officer.
That portion of condition (20) requiring appellant to submit at his own expense to evaluation and treatment programs is stricken because that was a special condition and the portion requiring the appellant to pay for the program was not orally pronounced. Curry v. State, 20 Fla.L.Weekly D455 (Fla. 2d DCA Feb. 15, 1995). The remainder of that condition was orally pronounced by the trial court and is, therefore, affirmed.
We, accordingly, affirm the judgments and sentences as modified.
RYDER, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.