DANAHY, Acting Chief Judge.
We review the sentence imposed upon the appellant after he pleaded no contest to charges of escape and grand theft, both offenses occurring in 1991. The appellant’s counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accordance with our duty under In re Anders Briefs, 581 So.2d 149 (Fla.1991), we independently reviewed the record and identified several possible sentencing errors; consequently, we ordered and received supplemental briefs from both parties. The state concedes error in imposing unpronounced probationary conditions and certain costs. We also clarify the incar-cerative and probationary portions of the sentencing scheme.
In sentencing for the grand theft conviction, the trial judge placed the appellant on five years’ probation to commence that day, i.e., the day of the sentencing hearing, and added restitution as a special condition. The trial judge also imposed court costs of $255 and $200 for reasonable attorney’s fees. The written order of probation provided for restitution and costs, but condition 4 also provided a prohibition against possessing, carrying, or owning a weapon without first procuring the consent of the appellant’s probation officer. We have held that this weapons condition is a special condition of probation that must be orally pronounced at the sentencing hearing to be valid. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). We also strike that portion of condition 7 prohibiting the excessive use of intoxicants for the same reason. Id.; Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
Of the total costs of $255 imposed, $50 represents costs pursuant to section 960.20, Florida Statutes (1993). It was error to impose a total of $255 because the statute in effect at the time the appellant committed the instant offenses only authorized $20 as court costs instead of the $50 authorized at the time of sentencing. See § 960.20, Fla. Stat. (1991). The trial judge should not have imposed more than $225 in costs.
*505 Finally, it was error for the trial judge to order that the probationary term of five years for the grand theft commence on the day of the sentencing hearing. At the time of that hearing the appellant was serving a prison sentence and his release date was scheduled for some three months later. Regardless of this, the appellant had to serve his three-year prison sentence for the escape conviction consecutively to any former prison sentence. § 944.40, Fla.Stat. (1991). At re-sentencing, the trial judge must order that any probation for grand theft commence when the appellant is released from prison on all charges. See Vihinen v. State, 368 So.2d 626 (Fla. 4th DCA 1979) (in construing chapter 948 it is clear the legislature intended probation to follow, not precede, any period of incarceration).
We affirm the appellant’s convictions but reverse the sentences and remand for resen-tencing.
SCHOONOVER and FULMER, JJ., concur.