654 So.2d 1256 (1995)
Paul A. ROBERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01465.
District Court of Appeal of Florida, Second District.
May 12, 1995.
James Marion Moorman, Public Defender, and Karen Kinney, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Sr. Asst. Atty. Gen., Tampa, for appellee.
FULMER, Judge.
Appellate counsel for the defendant, Paul A. Roberson, filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record and the law, we see no error affecting his convictions and sentences and therefore affirm. However, we strike certain conditions of probation and community control.
The trial court improperly imposed four special conditions without announcing these conditions at sentencing. First, we affirm the portion of condition four of the probation order and the community control order which prohibits ownership or possession of a firearm, but we strike that portion which implies that the defendant's probation or community control officer may consent to possession of a firearm. See Lietz v. State, 652 So.2d 1186 (Fla. 2d DCA 1995); Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). We also strike the part of condition four relating only to weapons. Id.
Second, we strike the portion of condition six of the probation order and the community *1257 control order relating to excessive use of intoxicants because it was not orally pronounced at sentencing. Id. We affirm the remaining part of the condition because it is a more precise definition of a general prohibition that does not need to be orally pronounced at sentencing. Id.
Third, we strike condition 13 of the probation order and condition 18 of the community control order, which require the defendant to submit at his own expense to evaluation and treatment programs, because the trial court did not announce this special condition. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Fourth, we strike condition 12 of the community control order which requires the defendant to maintain an hourly accounting of all activities in a daily log because the trial court failed to announce this special condition. See Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991).
Finally, we strike condition 9 of the probation order and condition 14 of the community control order, which require the defendant to pay twelve dollars to First Step, Inc., because the trial court provided no statutory authority for imposing this cost. See Nank, 646 So.2d 762.
Accordingly, we affirm the convictions and sentences, as modified by this opinion.
PATTERSON, A.C.J., and BLUE, J., concur.