661 So.2d 59 (1995)
Alexander Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04241.
District Court of Appeal of Florida, Second District.
June 7, 1995.
*60 Robert Dillinger, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Following a plea of no contest to an affidavit alleging a violation of community control on the underlying charges of robbery and attempted robbery, Alexander Lee Williams appeals his judgment and sentences. This appeal is filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the judgment. However, our independent review of the record compels us to reverse the sentences and to strike in whole or in part certain conditions of probation.

I. HABITUAL OFFENDER SENTENCES.
When Williams was sentenced for revocation of community control, the trial court sentenced Williams as a habitual offender pursuant to section 775.084, Florida Statutes (1991). Because the state did not file a notice of intent to seek an enhanced penalty of Williams prior to the initial plea hearing on the underlying charges, the trial judge did not have the option of imposing a habitual offender sentence in that initial sentencing of Williams. Therefore, it was error to impose a habitual offender sentence in sentencing for revocation of community control. See Snead v. State, 616 So.2d 964 (Fla. 1993). Accordingly, we reverse the sentences and remand for resentencing without habitual offender sanctions. Upon resentencing, the trial court must apply the principles set forth in this court's decisions in Grady v. State, 618 So.2d 341 (Fla. 2d DCA 1993) and Lamar v. State, 648 So.2d 775 (Fla. 2d DCA 1994), review granted, 654 So.2d 920 (Fla. 1995), in determining the maximum permissible sentence upon revocation of community control.

II. CONDITIONS OF PROBATION.
The sentencing transcript of Williams does not indicate that the trial court orally pronounced any conditions of probation. We are compelled to strike the following conditions of probation in whole or in part:
Condition 4  "You will neither possess, carry, or own any weapon or firearm without first securing the consent of your Probation Officer." We affirm the portion of Condition 4 which prohibits possessing, carrying, or owning a firearm and strike the remainder of the condition. See Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995).
Condition 6  "You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used." We must strike that portion of the condition which states "will not use intoxicants to excess," because it was not orally pronounced at sentencing. See Tomlinson v. *61 State, 645 So.2d 1 (Fla. 2d DCA 1994). The remaining portion of the condition is valid.
Condition 18  "You shall undergo random blood/urinalysis tests to determine drug/alcohol abuse unannounced and at your own expense." Section 948.03(1)(j), Florida Statutes (1993) authorizes the imposition of the condition to submit for random drug testing; however, the additional requirement that the testing be conducted at "the defendant's own expense," is not authorized by section 948.03(1)(j). See Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). Therefore, we strike the words "at your own expense" from that condition.
Condition 19  "You will waive confidentiality." We conclude that condition is very broad and, in the format provided, appears independent of the other conditions listed. Further, there is nothing in the record to indicate that this condition is related to the offenses charged.
A trial court may impose reasonable conditions of probation which relate to the offense involved, tend to insure the rehabilitation of the prisoner, or the protection of the public. Donald & Bales Exterminating, Inc. v. State, 487 So.2d 78 (Fla. 1st DCA 1986) (citing State v. Heath, 343 So.2d 13 (Fla. 1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977)). The trial court, however, is not authorized to restrict unnecessarily the valid exercise of a valuable right or to impose conditions of probation which are overbroad. Donald & Bales Exterminating, Inc. In this case, there is nothing in the record to indicate that the condition is related to the offenses involved. Additionally, even if somehow related, the condition is overbroad and may apply to certain privileges of confidentiality which are unconnected to these offenses. Therefore, we strike Condition 19.
The judgment is affirmed; the case is remanded for resentencing.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.