PER CURIAM.
The appellant, John A. Walker, challenges his conviction and sentence for possession of cocaine. While he raises several issues, we find merit only in his contention that certain costs, fees, and probationary conditions were improperly imposed. We, therefore, reverse and remand on those issues only.
Pursuant to Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), the trial court improperly assessed $300 in court costs against Walker without indicating the statutory basis for such. Those costs must therefore be stricken. The state, however, may seek to reimpose appropriate costs upon remand.
The trial court also improperly ordered Walker to pay attorney’s fees and costs pursuant to section 27.56, Florida Statutes (1993). While a lien for attorney’s fees was orally pronounced at sentencing, the trial court erred in failing to specify an exact dollar amount for those fees. See Reyes. The fee lien must therefore be stricken. On remand, appropriate fees may be reimposed in compliance with Reyes. If fees are reimposed, Walker must be informed of his right to contest the amount thereof pursuant to Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992).
In addition, the provision for attorney’s fees was improperly included as a probationary condition. At sentencing, the trial court specifically stated that such fees were not being imposed as a condition of probation. On remand, the trial court is therefore directed to correct the judgment, as well as the probation order, to properly conform to its oral pronouncement.
Upon consideration of Walker’s myriad challenges to specific probationary conditions, we conclude that the following provisions must be stricken on the ground they were not orally pronounced at sentencing: (1) those portions of condition four which prohibit Walker from carrying any weapon and which permit him to carry a firearm upon the consent of his probation officer; (2) that portion of condition six which prohibits Walker from using intoxicants to excess; (3) all of condition nine, which requires Walker to make annual payments to First Step; and (4) that portion of condition thirteen which requires Walker to pay for a drug evaluation. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
In addition, special condition fourteen, which states that Walker “will waive confidentiality” must be stricken pursuant to Williams v. State, 661 So.2d 59 (Fla. 2d DCA 1995), as the instant record provides no justification for a waiver of confidentiality as a proper condition of probation. Special condition fifteen must also be stricken because it *1354 is duplicative of condition twelve, a valid general condition, which provides for random drug testing. See Malone. Special condition fifteen also improperly requires Walker to pay for such testing. Id.
Accordingly, the instant cause is reversed and remanded for further proceedings relative to the costs, fees, and probationary conditions discussed herein. Walker’s judgment and sentence, however, are affirmed in all other respects.
Affirmed in part; reversed and remanded in part.
DANAHY, A.C.J., and LAZARRA and WHATLEY, JJ., concur.