PER CURIAM.
Mark A. Rausch appeals his judgment and sentence for aggravated battery with a firearm. We affirm the judgment and sentence. We, however, are compelled to strike certain special probation conditions and costs.
The trial court did not orally pronounce probation conditions (7) and (12) at sentencing but listed them in the sentence as special conditions of probation. That portion of condition (7) that prohibits the excessive use of intoxicants must be struck because the court did not orally pronounce it at sentencing. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995) (citing Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994)), review granted, No. 85,168, 659 So.2d 1089 (Fla. June 22, 1995). That portion of condition (12) which requires Rausch to pay for drug testing must be struck because the trial court did not orally pronounce it at sentencing. See Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995); Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992).
The $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1991), for the Local Criminal Justice Education Fund is discretionary and requires oral pronouncement at sentencing. It, therefore, must be struck without prejudice for the state to seek reimposition. See Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995) (en banc). The $25 cost of prosecution is discretionary and must be orally pronounced. Reyes, 655 So.2d at 117. Further, the record fails to show that the state requested and documented the cost; therefore, that cost must be struck without prejudice for the state to seek reimposition.
We affirm the judgment and sentence but strike portions of probation conditions (7) and (12). We also strike the $2 cost and the $25 cost of prosecution and remand for the trial court to permit the state to seek reimposition of those costs.
DANAHY, A.C.J., and PARKER and FULMER, JJ., concur.