PER CURIAM.
The defendant, Kraig Constantino, appeals his convictions for aggravated assault, aggravated battery, and false imprisonment. We affirm the convictions, but remand for correction of the sentence.
The defendant contends, and the state agrees, that the false imprisonment conviction may not be enhanced to a first degree felony because the information did not allege the use of a firearm and the jury made no such finding in its verdict. On remand, the judgment and guidelines score-sheet should be corrected to reflect that the conviction for false imprisonment is a third degree felony.
The state also agrees with the defendant’s contentions regarding certain conditions of probation which must be stricken or modified because they do not conform to the trial court’s oral pronouncement. See Roberson v. State, 654 So.2d 1256 (Fla. 2d DCA 1995). On remand, the probation order shall be modified as follows: strike that portion of condition four which implies that the defendant’s probation officer may consent to the defendant’s possession of a firearm and that portion of condition four which pertains only to weapons; strike that portion of condition six relating to the excessive use of intoxicants; and strike conditions nine and ten.
Affirmed in part, reversed in part, and remanded with directions.
FRANK, A.C.J., and PARKER and FULMER, JJ., concur.