RYDER, Acting Chief Judge.
William Peters challenges his habitual offender sentence on the basis that the state failed to file its notice of intent to habitualize prior to the entry of plea and that some of his probation conditions were not orally pronounced at sentencing. We affirm the habit-ualized sentence, but strike some probation conditions.
Although the state admittedly did not file a notice of enhancement until the day after appellant pleaded guilty, the appellant received actual notice of the state’s intent to habitualize. The appellant signed a written plea agreement acknowledging in detail the possibility and consequences of habitualization. Moreover, the judge clearly advised him during the plea colloquy that he would be subject to habitual offender sentencing and that the maximum sentence was thirty years. The appellant expressly understood that he was going to be treated as a habitual offender, that the sentencing guidelines did not apply to him, and that the maximum sentence on the second degree felonies could be thirty years. He acknowledged that he was giving up certain constitutional rights and that he was entering the plea because he believed it to be in his best interests. Because the appellant was given written notice of the possibility of habitualization before his plea was accepted, the requirements of the first prong of Ashley v. State, 614 So.2d 486 (Fla.1993), are met. See State v. Blackwell, 661 So.2d 282 (Fla.1995).
The appellant also challenges probation conditions (4), (13), (9) and (16). The trial judge announced that the appellant “undergo additional drug treatment as is necessary ... and that the standard drug conditions would be imposed.” Otherwise, he made no special announcement of probation conditions. Therefore, condition (9) that requires that the appellant pay First Step $15.00 must be stricken. Condition (13) which requires a drug evaluation and followup treatment is affirmed, but the requirement that it be at his expense is likewise stricken. Condition (16) which states that he submit to a warrantless search and seizure of his person, automobile or residence by his probation officer must be stricken. And the portion of condition (4) which implies that he may possess a firearm with the consent of his probation officer must also be stricken. See Roberson v. State, 654 So.2d 1256 (Fla. 2d DCA 1995).
Accordingly, we affirm the habitual offender sentencing, but remand to the trial court to strike probation conditions (9), (16), and portions of (4) and (13) as described above.
CAMPBELL and ALTENBERND, JJ., concur.