PER CURIAM.
The defendant appeals his judgment and sentence for felony possession of marijuana. We find error only in the imposition of certain conditions of probation. We modify the probation order as follows: strike that portion of condition four which implies that the defendant’s probation officer may consent to the defendant’s possession of a firearm and that portion of condition four which pertains only to weapons; strike that portion of condition six relating to the excessive use of intoxicants; strike that portion of condition thirteen that requires the defendant to pay for random testing; and strike conditions twelve and fifteen. See Roberson v. State, 654 So.2d 1256 (Fla. 2d DCA 1995); Daughtery v. State, 654 So.2d 1209 (Fla. 2d DCA 1995); Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). We also strike condition eighteen because it is vague and impermissibly delegates judicial authority to the defendant’s probation officer. Condition eighteen directs the defendant not to frequent or loiter in high drug areas or areas so designated by his probation officer. See Huff v. State, 554 So.2d 616 (Fla. 2d DCA 1989). Finally, we strike condition nine which requires the defendant to pay twelve dollars to First Step, Inc., because the trial court provided no statutory reference for the imposition of this cost. See Roberson, 654 So.2d 1256.
Accordingly, we affirm the defendant’s conviction and modify the probation conditions as discussed above.
DANAHY, A.C.J., and ALTENBERND and FULMER, JJ., concur.