FULMER, Judge.
A jury found the defendant guilty of possession of cocaine. The trial court withheld adjudication and placed him on community control. The defendant appeals the imposition of certain conditions of community control and court costs.
After a lengthy sentencing hearing, the trial court agreed to withhold adjudication and refrain from imposing a prison sentence in exchange for certain special conditions of community control, including the condition that the defendant attend school and/or work, and receive grades of A or B if he attends school. The defendant asserts on appeal that this condition should be modified to include the language “insofar as possible.”
The transcript of the sentencing hearing when read in its entirety suggests that the defendant had previously made A’s and B’s while attending college and that he voluntarily accepted both conditions of community control because he wanted to return to school. Nevertheless, due process consider *932 ations require that the language “insofar as possible” be deemed a part of the condition because a defendant’s community control may not be revoked for failure to comply with a condition unless the trial court determines that he had the ability to comply.
The defendant also challenges two conditions of community control which were not orally pronounced at sentencing. We strike the portion of condition seven that forbids the excessive use of intoxicants. See Roberson v. State, 654 So.2d 1256 (Fla. 2d DCA 1995).
We also strike condition four regarding possessing or carrying firearms or weapons. We distinguish this case from those cases in which the condition prohibits ownership or possession of a firearm because the defendant was adjudicated guilty of a felony. See e.g., Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). If a defendant is adjudicated guilty of a felony, section 790.23, Florida Statutes (Supp.1994), provides constructive notice that a convicted felon cannot possess or carry a firearm. Therefore, that portion of a probation condition that forbids ownership or possession of a firearm by a convicted felon is considered a general condition of probation, which does not need to be orally announced. However, where the trial court withholds adjudication of guilt, a condition that forbids ownership or possession of a firearm is a special condition of probation which must be orally announced. If not announced, it must be stricken.
Finally, the defendant appeals the court costs imposed. The trial court ordered court costs in the amount of $265 as a condition of community control. The trial court did not orally announce the statutory authority supporting the costs and the written order of community control does not delineate any statutory basis. Pursuant to Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc), we strike the $265 assessment of court costs. Upon remand, the trial court may reimpose appropriate costs after following the procedures outlined in Reyes, 655 So.2d 111.
Accordingly, we strike certain conditions of community control and court costs and remand for further proceedings in accordance with this opinion. In all other respects, the defendant’s sentence is affirmed.
DANAHY, A.C.J., and ALTENBERND, J., concur.