PER CURIAM.
We affirm the trial court’s denial of appellant’s motion to suppress evidence. See Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). We must strike, however, two conditions of probation that were not orally announced. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Although we affirm that portion of condition eight which requires appellant to submit to testing for alcohol or controlled substances because it is a duplication of a general condition of probation outlined in section 948.03(l)(j)l., Florida Statutes (1993), we strike the additional language requiring appellant to pay for such testing. Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). Furthermore, while we affirm that portion of condition twenty requiring appellant to submit to a drug and alcohol evaluation, and treatment if needed, as it was orally announced, we strike the unannounced portion of the condition requiring appellant to pay for any prescribed treatment. Daughtery v. State, 654 So.2d 1209 (Fla. 2d DCA 1995).
We also must strike the $2.00 discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because the trial court did not give appellant notice of the imposition of this cost at sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). The assessment of a $33.00 “cost/ fine” is also stricken as it was not orally announced at sentencing. Hollister v. State, — So.2d-[1995 WL 750671], 21 Fla.L. Weekly D104 (Fla. 2d DCA Dec. 20, 1995).
Judgment affirmed; probation conditions and costs stricken.
CAMPBELL, A.C.J., and LAZZARA and QUINCE, JJ., concur.