FRANK, Judge.
John Godwin pleaded no contest to possession of cocaine and marijuana and was placed on probation for one year. He now challenges his judgment and sentence asserting a Fourth Amendment violation and procedural errors at sentencing. We affirm the judgment and sentence but we strike certain costs and conditions of probation.
The arresting officer described at the suppression hearing the events precipitating Godwin’s arrest. Godwin was a passenger in a vehicle stopped for a traffic violation on a late evening in November of 1994. The driver was arrested on an outstanding warrant and he requested that Godwin be allowed to take possession of the vehicle. Godwin agreed, produced his driver’s license, and began a field sobriety test. The sobriety test was interrupted, however, when Godwin repeatedly placed his hands in his pockets. The officer observed a bulge in one of the pockets. With Godwin’s consent, the officer conducted a pat-down revealing the presence of a hard object, possibly a weapon. When Godwin consented to a further search of the pocket, contraband was found.
Based on the officer’s testimony, the trial court determined that both the encounter and the search of Godwin’s pocket were consensual. The trial court was entitled, as it did, to discount Godwin’s discrepant testimony as less credible, noting, as one factor, his admitted intoxication on the night of his arrest. See Maurer v. State, 668 So.2d 1077, 1078-79 (Fla. 5th DCA 1996); Brown v. *1013 State, 352 So.2d 60, 61 (Fla. 4th DCA 1977). We decline to disturb the trial court’s ruling and affirm Godwin’s judgment.
We do, however, strike the following costs and conditions of probation: a $12 cost for the STEP program imposed without citation to statutory authority, see Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); a $100 assessment for the FDLE trust fund imposed without documentation or consideration of Godwin’s ability to pay, see Rausch v. State, 664 So.2d 29 (Fla. 2d DCA 1995); that portion of condition four which suggests that a convicted felon may possess a firearm with the consent of his probation officer, see Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995); finally, that part of condition fourteen requiring Godwin to pay for any drug and alcohol evaluations for lack of oral pronouncement, see Nank v. State, 646 So.2d 762 (Fla. 2D DCA 1994).
Accordingly, we affirm Godwin’s conviction and sentence but strike the costs and conditions identified above.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.