634 So.2d 225 (1994)
Frank A. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2401.
District Court of Appeal of Florida, First District.
March 24, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., Office of Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
This is an appeal from an order denying appellant's motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800. Because the trial court failed to properly credit appellant's sentence for attempted burglary with time previously served, we reverse and remand with directions to grant the motion and correct appellant's sentence.
Appellant was convicted of attempted burglary, a third degree felony, fleeing a police officer and reckless driving, both of which are misdemeanors, and was sentenced to three years' incarceration followed by two years' probation, and to 60 days and 85 days, respectively on the misdemeanor offenses. The trial court gave credit for 60 and 85 days on the misdemeanor charges, but failed to grant any credit for time served on the felony charge. This was error.
Section 921.161, Florida Statutes (1991), provides that a court imposing a sentence shall allow a defendant credit for all time served in county jail before imposition of sentence. Although this statute does not require the courts to grant credit for time served before conviction on each consecutive sentence imposed at the same time,[1] the courts must give credit for time served on each concurrent sentence imposed at the same time. Daniels v. State, 491 So.2d 543 (Fla. 1986); Vasquez v. State, 478 So.2d 76 (Fla. 1st DCA 1985), cause dismissed, 488 So.2d 831 (Fla. 1986); Bell v. State, 573 So.2d 10 (Fla. 5th DCA 1990).
*226 The order denying appellant's motion requesting credit for time served on his felony conviction is REVERSED and the case is REMANDED with directions to grant the motion and correct appellant's sentence.
MICKLE and DAVIS, JJ., concur.
NOTES
[1] See Daniels v. State, 491 So.2d 543, 545 (Fla. 1986); Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA), decision aff'd sub nom. Winston v. State, 308 So.2d 40 (Fla. 1974); Hipp v. State, 509 So.2d 1208, 1210 (Fla. 4th DCA 1987).