645 So.2d 1 (1994)
Jack TOMLINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03528.
District Court of Appeal of Florida, Second District.
May 27, 1994.
Rehearing Denied July 28, 1994.
James Marion Moorman, Public Defender, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant pled no contest and was sentenced for six counts of sexual offenses including lewd and lascivious assault on a child, sexual activity with a child, and sexual battery on a child.
Appellant challenges only the validity of one of the conditions of his probation. Condition six states: "You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." Appellant argues this condition is invalid because it is not related to his crimes and relates to conduct which is not criminal. He argues he was not even shown to have a substance abuse problem. Further, the condition was not announced in open court.
We find that the portion of condition six prohibiting appellant from visiting places where certain substances are unlawfully sold, dispensed or used is valid. This restriction is valid as a more precise defining of conduct prohibited under section 948.03(1)(i), Florida Statutes (1991), which states as an accepted condition of probation that an offender may "not associate with persons engaged in criminal activities." This portion of condition six requires appellant not to associate with persons engaged in the illegal activity of unlawfully selling or using certain substances. This is a general condition that is valid and need not have been pronounced in open court, an argument that was not presented to us in Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993).
The remaining portion of condition six prohibits appellant from using intoxicants to excess. This special condition must be stricken since the trial court failed to announce it in open court, preventing appellant from having the opportunity to object to its *2 imposition. Dycus v. State, 629 So.2d 275 (Fla. 2d DCA 1993).
PARKER and LAZZARA, JJ., concur.