650 So.2d 176 (1995)
Douglas E. PARSONS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00617.
District Court of Appeal of Florida, Second District.
February 8, 1995.
*177 Douglas A. Wallace, Bradenton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant was convicted of second degree murder for the killing of his wife's boss. He challenges his conviction on the grounds of improper prosecutorial comments. He also challenges the special conditions of probation imposed, the restitution ordered and the jury instructions given.
Appellant maintains that the prosecutor's comments during voir dire and closing were impermissible comments on appellant's right to remain silent. We disagree. The prosecutor's comments may not be fairly construed as such. See Sgroi v. State, 634 So.2d 280 (Fla. 4th DCA 1994). His comments during voir dire were merely pointing out that the jury's job was to evaluate the evidence, and the attorneys' job was to present the evidence. His other comments were permissible comments on the evidence presented.
Appellant maintains that the court improperly ordered him to pay restitution as a condition of probation without setting the amount. However, a review of the record reveals that the court merely reserved the right to later determine the amount of restitution if the parties could not agree and stipulate to an amount. The court specifically ordered that the hearing be held within the sixty-day period mandated by Rule 3.800(b). Appellant may still challenge the amount when it is determined.
Appellant challenges two conditions of his probation on the grounds that they were special conditions that were not orally pronounced at sentencing and, as such, must be stricken. We agree in part.
Appellant challenges conditions four and seven, which provide:
(4) You will not possess, carry or own any firearm. You will not possess, carry or own any weapons without first procuring the consent of your officer.
... .
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
We consider condition four first. This court has held that since felons may not possess firearms, that portion of the condition is a valid general condition and need not be pronounced at sentencing. Thus, the first sentence of condition four is valid as a general condition of probation that need not be pronounced at sentencing and may be allowed to stand. However, since there is no similar statutory prohibition as to possession of weapons, we conclude that this prohibition is a special condition of probation that must be pronounced at sentencing in order to be valid. Accordingly, the second sentence of condition four must be stricken, and the first sentence of that condition should be allowed to stand.
Condition seven, like condition four above, is partially valid. In Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994), we held that that portion of this condition that prohibits a probationer from visiting places where intoxicants are illegally sold is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. However, we further held that that portion of this condition that prohibits excessive use of those substances must be stricken if not orally pronounced. Since that portion of the condition was not orally pronounced here, it must be stricken. Condition seven has an added phrase that we conclude must also be stricken as vague. Appellant is *178 prohibited from possessing "any drugs or narcotics unless prescribed by a physician." Since this prohibition could prohibit appellant from possessing over-the-counter cold medication or aspirin, it is too vague and must be stricken as well. Thus, the first sentence of condition seven should be stricken, and the second sentence should be allowed to stand.
Appellant also maintains that the court failed to give the complete initial jury instruction on justifiable and excusable homicide. However, the Florida Supreme Court held in Armstrong v. State, 579 So.2d 734 (Fla. 1991), that where trial counsel specifically requests the omissions, any error is waived on the grounds that counsel may not be permitted, in this way, to inject error into the trial.
We affirm appellant's convictions and sentences, but remand for correction of the conditions of probation as discussed herein.
DANAHY, A.C.J., and SCHOONOVER, J., concur.