650 So.2d 697 (1995)
Johnathan STARK, a/k/a Jeffery Ray Cohoon, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04175.
District Court of Appeal of Florida, Second District.
February 22, 1995.
James Marion Moorman, Public Defender, and Julia Diaz, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Scott A. Browne, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Johnathan Stark, a/k/a Jeffery Ray Cohoon, challenges the sentences imposed upon him in two cases after he pled no contest and was found guilty of the charges contained therein. We find that the trial court erred in sentencing the appellant and, accordingly, reverse and remand for resentencing.
In case number 93-08688, the appellant pled no contest, was adjudicated guilty, and the written sentencing order provided as follows: armed burglary of a dwelling, ten years in prison followed by five years probation; armed burglary of a conveyance, ten years in prison followed by five years probation; and possession of burglary tools, five years in prison. Those sentences were to *698 run concurrently with each other and concurrently with counts II, III, and IV of case number 93-10466 and concurrently with the probation portion of count I in case number 93-10466. In case number 93-10466, the appellant pled no contest, was adjudicated guilty and the written sentencing order provided as follows: burglary of a dwelling (count I), ten years in prison followed by five years probation; and for the three grand theft counts (counts II, III, and IV), five years probation consecutive to the prison sentence. Those sentences were to run concurrently with the sentences imposed in case number 93-08688. The appellant filed a timely notice of appeal.
The appellant first challenges the written sentencing order in case number 93-08688 on the grounds that it did not comport with the trial court's oral pronouncement at sentencing. We agree since it appears that the trial court orally pronounced at sentencing that the sentences in both cases were to run concurrently, however, the written sentencing order in case number 93-08688 provides that those sentences were to run concurrently with only a portion of the sentences imposed in case number 93-10466. The case must, therefore, be remanded to conform the written sentences to the trial court's oral pronouncement. See Williams v. State, 591 So.2d 329 (Fla. 2d DCA 1992).
The appellant next challenges probation conditions (4) and (7) from his order of probation. We first consider probation condition (4), concerning the firearm possession prohibition. We agree that the portion of probation condition (4), which implies that the defendant may possess a firearm with his probation officer's permission, must be stricken because, as a convicted felon, the defendant may not lawfully possess a firearm. See Pagan v. State, 637 So.2d 959 (Fla. 2d DCA 1994).
We next consider probation condition (7), which provides: "(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used." The state concedes, and we agree, that the portion of the condition prohibiting the excessive use of those substances must be stricken since the trial court failed to announce it in open court, thus preventing appellant from having the opportunity to object to its imposition. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). The remaining portion of that condition, however, which prohibits a probationer from visiting places where intoxicants are illegally sold, dispensed or used is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. See Chitty v. State, 20 Fla. L. Weekly D76, ___ So.2d ___ (Fla. 2d DCA Dec. 28, 1994).
We, accordingly, reverse and remand for correction of the written sentences in case number 93-08688 to comport with the trial court's oral pronouncement. We also strike that portion of condition (4) which implies that the appellant may possess a firearm with his probation officer's permission. We affirm that portion of condition (7) that prohibits appellant from visiting places where intoxicants are illegally sold, dispensed, or used but strike that portion prohibiting the excessive use of intoxicants.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.