652 So.2d 419 (1995)
Rafe EMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04060.
District Court of Appeal of Florida, Second District.
March 15, 1995.
James Marion Moorman, Public Defender, and William B. Fredericks, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
*420 FULMER, Judge.
The defendant, Rafe Emond, appeals his conviction for possession of cocaine. We address only his contention that probation conditions four, six and seven should be stricken because the trial court did not orally announce the conditions upon sentencing. In all other respects, his conviction is affirmed.
The challenged conditions state:
4. You will not possess, carry or own any firearm. You will not possess, carry or own any weapons without first procuring the consent of your officer.
6. You will not associate with any person engaged in any criminal activity.
7. You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
Pursuant to our recent decisions in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), and Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994), we affirm the first sentence and strike the second sentence of condition four. We strike condition seven, except that portion prohibiting the defendant "from visiting places where certain substances are unlawfully sold, dispensed or used." See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Condition six is affirmed because it is statutorily authorized by section 948.03(1)(i), Florida Statutes (1993). See Nank, 646 So.2d 762.
We reiterate our concern that we frequently reverse trial courts for failure to orally pronounce special conditions of probation. As we stated in Hart, 651 So.2d 112, this may be because we have defined "general conditions" too strictly. In our prior opinions we have not considered conditions four and seven to be "general conditions" because they are not included in the list of terms and conditions set forth in section 948.03(1)(i). However, these conditions are included in the probation order form approved by the Florida Supreme Court and found in Florida Rule of Criminal Procedure 3.986. It would seem that publication of the Rules of Court should provide the same type of constructive notice which the supreme court found to be provided by publication of the Florida Statutes in State v. Beasley, 580 So.2d 139 (Fla. 1991). Accordingly, we again certify the following question of great public importance to the Florida Supreme Court:
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM `ORDER OF PROBATION' IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
Affirmed in part, portions of probation conditions stricken, and question certified.
THREADGILL, J., concurs.
FRANK, C.J., concurs in result only.