652 So.2d 912 (1995)
Cornelius REED, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01738.
District Court of Appeal of Florida, Second District.
March 29, 1995.
*913 Joshua L. Poe, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Sr. Asst. Atty. Gen., Tampa, for appellee.
WHATLEY, Judge.
The appellant, Cornelius Reed, challenges his judgments and sentences in trial court case numbers 90-8697 and 93-698. While he presents several issues for review, we find merit only in his contention that certain conditions of probation were improperly imposed in case number 93-698. We, therefore, strike those conditions that are improper and affirm in all other respects.
In case number 93-698, Reed pled guilty to being a felon in possession of a firearm and was sentenced as a habitual offender to five years' imprisonment, followed by three years' drug offender probation. Reed now complains that several of the conditions enumerated in the written probation order were improperly imposed.
First, Reed contends that condition seven of his drug offender probation is invalid because it was not orally pronounced at sentencing. Condition seven prohibits Reed from using intoxicants to excess and from possessing any drugs or narcotics unless prescribed by a physician. It also bars Reed from visiting places where drugs or intoxicants are illegally sold.
Condition seven, to the extent it prevents Reed from visiting places where intoxicants are unlawfully sold, is a valid general condition which, pursuant to Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994), did not need to be orally pronounced at sentencing. Those portions of condition seven, however, which prohibit Reed from using intoxicants to excess or from being in possession of any drugs, constitute special conditions, which should have been orally pronounced. Id. Those conditions are, therefore, stricken.
Reed contends that special conditions thirteen and fourteen are also invalid for failure to be orally pronounced at sentencing. Condition thirteen prohibits Reed from consuming any alcohol or visiting establishments where alcohol is the main source of income. Condition fourteen imposes a 9:00 p.m. curfew on Reed, as per instruction from his probation officer. Since the record shows that special conditions thirteen and fourteen were not orally pronounced at sentencing as required under Tomlinson, those conditions are also stricken.
Reed also challenges conditions twenty-two and twenty-five. The record shows, however, that Reed failed to object to those conditions, despite the fact they were orally pronounced at sentencing. His challenges to those conditions, therefore, have not been properly preserved for appellate review. Larson v. State, 572 So.2d 1368 (Fla. 1991). Further, Reed's failure to object in this instance cannot be overlooked because conditions twenty-two and twenty-five are *914 not "so egregious as to be the equivalent of fundamental error." Id. at 1371.
Accordingly, condition seven is stricken in part, and conditions thirteen and fourteen are stricken in their entirety. Reed's judgments and sentences are, otherwise, affirmed.
DANAHY, A.C.J., and CAMPBELL, J., concur.