PER CURIAM.
Randy Howard appeals his conviction and sentence of two years’ probation for possession of cocaine. We affirm the defendant’s conviction without discussion. We strike some of the costs imposed by the trial court, as well as certain portions of the defendant’s conditions of probation.
The trial court imposed the following conditions of probation:
Condition (4): You will not possess, carry, or own any firearms. You will not possess, carry or own any weapons without first procuring the consent of your [probation] officer.
[[Image here]]
Condition (7): You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
The second sentence of condition (4) must be stricken because it is a special condition that was not announced in open court. See Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995); Jennings v. State, 645 So.2d 592 (Fla. 2d DCA 1994). For the same reason, the first sentence of condition (7) must also be stricken. Parsons, 650 So.2d 176; Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). The remaining portions of conditions (4) and (7) are valid as more precise descriptions of general conditions, which need not be announced in open court.
The trial court orally ordered the defendant to pay a lump sum of $455 in court costs and $100 to the Hillsborough County Drug Education Trust Fund. The record contains an order itemizing the costs imposed. We strike the $100 imposed for the Hillsborough County Court Improvement Fund, the $100 for costs of prosecution, and the $2 for costs imposed pursuant to section 943.25.(13), Florida Statutes (1993). Reyes v. State, 20 Fla.L.Weekly D467, — So.2d — [1995 WL 65502] (Fla. 2d DCA Feb. 15, 1995) (en banc). We affirm the remaining costs.
Judgments and sentences affirmed; portions of costs stricken; portions of probation conditions stricken.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.