FULMER, Judge.
The defendant, Christopher Dexter, appeals his judgment and sentence for possession of cannabis with intent to sell or deliver and no valid driver’s license. He asserts four points on appeal. We address only those which have merit.
The defendant asserts that probation condition 4 must be stricken because the trial court did not pronounce this condition in court. Condition 4 provides, “You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.” We affirm the first sentence of condition 4 which prohibits ownership or possession of a firearm and strike the second sentence. See Emond v. State, 652 So.2d 419 (Fla. 2d DCA 1995).
Although not raised by the defendant, we also strike the first sentence of probation condition 7 because it was not orally pronounced at sentencing. Condition 7 provides, “You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.” We affirm the second sentence of condition 7 because it is a more precise definition of the general condition of probation authorized by section 948.03(l)(i), Florida Statutes (1993). See Emond, 652 So.2d at 420.
The defendant also asserts that the trial court improperly imposed court costs. We agree in part. Initially, we note that the record pertaining to the costs is confusing. At the May 13, 1994, sentencing hearing the trial court imposed court costs:
THE COURT: ... You’ve got $270 in court costs. A $130 to cost of prosecution. You can work off those costs if you would rather do that than pay off the costs. Any questions?
THE DEFENDANT: No, ma’am.
THE COURT: You have thirty days to appeal.
[THE STATE]: Judge, did you say drug fund?
THE COURT: Sorry, $150.00 to the Hills-borough County Drug Education Trust Fund. That’s cash that you’ll have to pay.
The record contains three forms addressing the costs, the Charges/Costs/Fees form and two orders of probation. All three were signed by the trial court on May 13, 1994. The Charges/Costs/Fees form was filed on the same day and indicates only one cost: $150 to the Hillsborough County Drug Fund. None of the specific court costs are marked. The order of probation filed May 17, 1994, indicates three costs: $150 to the Hillsbor-ough County Drug Fund, $270 court costs and $130 cost of prosecution. A handwritten note indicates that the $270 court costs and $130 cost of prosecution can be converted to community service hours at $5 per hour. The second order of probation, filed May 23, 1994, indicates only one cost: $150 to the Hillsborough County Drug Fund. The following sentence is added at the end of the order, “can convert cost of prosecution and court costs.”
*1250 The defendant urges that we strike the $150 to the Hillsborough County Drug-fund because it is not authorized by statute. This court recently held in Reyes v. State, 20 Fla.L.Weekly D467, — So.2d — (Fla. 2d DCA Feb. 15, 1995) (en banc), that section 893.13(4)(a), Florida Statutes (1991), authorizes this assessment and the reference to the “Hillsborough County Drug Fund” is a sufficient description to substitute for a statutory citation. The trial court properly announced this discretionary cost at the sentencing hearing and the defendant did not object.
The defendant also urges that we strike the $270 court costs or, in the alternative, limit the court costs to $255, the amount of mandatory costs assessable in this case. The defendant asserts that the trial court’s failure to check the mandatory court costs on the Charges/Costs/Fees form indicates that the trial court expressly declined to impose this cost. However, the trial court has no discretion to dispense with the mandatory court costs. State v. Beasley, 580 So.2d 139 (Fla.1991). Accordingly, we remand for designation of the specific mandatory costs on the Charges/Costs/Fees form.
From our review of the record, it appears the mandatory costs in this case total $253: $200 pursuant to section 27.3455(1), Florida Statutes (1993), $50 pursuant to section 960.20, Florida Statutes (1993), and $3 pursuant to section 943.25(3), Florida Statutes (1993). The defendant erroneously assumes that the $2 cost pursuant to section 943.25(13), Florida Statutes (1993), is a mandatory cost. See Reyes, 20 Fla.L.Weekly D467, — So.2d —. In addition, we reject the state’s contention that section 939.017, Florida Statutes (1993), mandates a $15 cost. This cost is mandatory only for misdemeanor convictions involving drugs or alcohol. Reyes, 20 Fla.L.Weekly D467, — So.2d —. The defendant was convicted of possession of cannabis with intent to sell or deliver, a third degree felony.
The trial court also erred by ordering $130 for the costs of prosecution without any request by law enforcement agencies. Therefore, we strike this assessment. As we stated in Reyes, 20 Fla.L.Weekly D467, — So.2d —, the appropriate agency may seek this cost on remand if it complies with section 939.01, Florida Statutes (1993).
Accordingly, we affirm the defendant’s judgment, strike in part and affirm in part probation conditions 4 and 7, and remand to the trial court to modify the costs assessed consistent with this opinion and to allow imposition of the costs of prosecution if properly requested by the state.
PATTERSON, A.C.J., and BLUE, J., concur.