FULMER, Judge.
Appellate counsel for the defendant, Michael D. Heathcoe, filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record and the law, we see no error affecting his convictions and sentences and therefore affirm. However, we strike certain conditions of probation.
 The trial court improperly imposed two special conditions. Condition 4 provides, “You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.” We affirm the first sentence which prohibits ownership or possession of a firearm and strike the second sentence pertaining to weapons. See Emond v. State, 652 So.2d 419 (Fla. 2d DCA 1995).
Condition 7 provides, “You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.” We strike the first sentence relating to excessive use of intoxicants or possession of any drugs or narcotics unless prescribed by a physician because it was not orally pronounced at sentencing. We affirm the second sentence because it is a more precise definition of the general condition of probation authorized by section 948.03(l)(i), Florida Statutes. See Emond, 652 So.2d 419.
The trial court also imposed three costs in error. First, condition 15 imposes $255 in court costs. These court costs include $2 pursuant to section 943.25(13), Florida Statutes (1993). The record establishes that the trial court did not give the defendant notice and the opportunity to be heard before imposing this discretionary cost. Accordingly, we strike the $2 discretionary court cost. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc); Priest v. State, 20 Fla.L. Weekly D84, — So.2d — [1994 WL 714440] (Fla. 2d DCA Dec. 28, 1994).
Second, condition 16 imposes $100 to the Hillsborough County Court Improvement Fund. As we stated in Reyes, 655 So.2d 111, there is no legal basis for this assessment. Accordingly, we strike this condition.
Third, condition 17 assesses $100 for the costs of prosecution, pursuant to section 939.01, Florida Statutes (1993). As in Reyes, 655 So.2d 111, this cost must be stricken because the record does not reveal that it was “expressly requested by a specific agency with adequate supporting documentation.”
Accordingly, we affirm the convictions and sentences, modify and strike certain conditions of probation, and remand to the trial court to allow imposition of costs of prosecution if properly requested by the state.
PATTERSON, A.C.J., and BLUE, J., concur.