661 So.2d 63 (1995)
Eric Nathaniel HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03302.
District Court of Appeal of Florida, Second District.
June 7, 1995.
*64 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Eric Nathaniel Hall, challenges the judgments and sentences imposed upon him after he pled guilty to attempted second degree murder with a firearm and discharging of a firearm from a vehicle, in violation of sections 782.04 and 790.15, Florida Statutes (1991). The appellant was adjudicated guilty and sentenced to serve fifteen years in prison followed by fifteen years probation on the attempted murder charge. He was also sentenced to serve a three year minimum mandatory sentence on that charge. The appellant received a concurrent fifteen year sentence on the discharging a firearm from a vehicle charge. This timely appeal followed.
Although we find no error in the sentences imposed upon the appellant, we find that the trial court erred by imposing certain conditions of probation upon the appellant.
Probation condition (4) states: "You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer." Since section 790.23, Florida Statutes (1991), makes it unlawful for any person convicted of a felony to own, possess, or have in his care, custody, or control any firearm, that part of the condition prohibiting possessing, carrying, or owning firearms is a general condition for which no oral pronouncement is needed. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). Therefore, that portion of condition (4) is affirmed. However, that portion of the condition which prohibits the carrying of weapons other than those enumerated in section 790.23 was not orally pronounced at sentencing and it is therefore stricken. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). Furthermore, since the remainder of the condition implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer, that portion is also stricken. Malone.
Probation condition (7) states: "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used." We strike that portion of the condition prohibiting the excessive use of intoxicants since it is a special condition which was not orally pronounced at sentencing. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). We also strike that portion of the condition prohibiting the appellant from possessing "any drugs or narcotics unless prescribed by a physician" since it is too vague. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995). However, we affirm that *65 portion of the condition which prohibits the appellant from visiting places where certain substances are unlawfully sold, dispensed, or used since it is a more precise definition of a general prohibition and, as such, need not be orally pronounced. Parsons, 650 So.2d at 177.
We, accordingly, strike the portions of conditions (4) and (7) of the probation order improperly imposed upon the appellant, but affirm the judgments and sentences in all other respects.
Affirmed as modified.
SCHOONOVER, A.C.J., and PARKER and WHATLEY, JJ., concur.