PER CURIAM.
The appellant, Darryl Williams, challenges the trial court’s judgments and sentences. After a nonjury trial, the appellant was adjudicated guilty of burglary of a conveyance and grand theft of a firearm, in violation of sections 810.02(1) and (2)(b) and 812.014(2)(c)(3), Florida Statutes (1991). The appellant was sentenced to serve two concurrent terms of two years probation and was ordered to pay restitution. This timely appeal followed.
Although we affirm the appellant’s convictions without discussion, we agree with his contention that the trial court erred by imposing certain conditions of probation.
*1173 Probation condition (4) states: “You will not possess, carry or own any firearms. You will not possess, carry, or own any weapons without first procuring the consent of your officer.” Since section 790.23, Florida Statutes (1991), makes it unlawful for any person convicted of a felony to own, possess, or have in his eare, custody, or control any firearm, the first sentence of condition (4) is a general condition for which no oral pronouncement is needed. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). Therefore, we affirm that portion of condition (4). However, we strike the portion of condition (4) that prohibits the carrying of weapons other than those enumerated in section 790.23 since it was not orally pronounced at sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). We also strike the remainder of the condition which implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer. Malone, 652 So.2d at 903.
Probation condition (7) states: “You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.” That portion of condition (7) which provides that appellant shall not use intoxicants to excess is a special condition of probation which must be orally pronounced at sentencing. Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995). Since it was not orally pronounced, it must be stricken. We also strike that portion of the condition that prohibits appellant from possessing “any drugs or narcotics unless prescribed by a physician” since it is too vague. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995). However, we affirm the remaining portion of the condition which prohibits the appellant from visiting places where intoxicants are unlawfully sold, dispensed, or used since it is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. Parsons, 650 So.2d at 177.
Accordingly, we strike those portions of probation conditions (4) and (7) as discussed above and affirm the judgments and sentences in all other respects.
Affirmed as modified.
SCHOONOVER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.