PER CURIAM.
The appellant, Curtis Cooper, a/k/a Curtis Otis Cooper, challenges the trial court’s judgment and sentence which was imposed after a jury found him guilty of robbery, in violation of section 812.13, Florida Statutes (1991). The trial court sentenced the appellant as a habitual offender to fifteen years in prison, followed by two years community control, and followed by eight years probation. This timely appeal followed.
After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant’s conviction without discussion. However, we find that the trial court erred in imposing certain conditions of probation and community control.
We strike that portion of condition (4) of the appellant’s order of probation and order of community control which prohibits the carrying of weapons other than those enumerated in section 790.23, Florida Statutes (1991), since it is a special condition of probation that was not orally pronounced at *812 sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). Furthermore, because the remainder of the condition implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer, that portion is also stricken. Malone, 652 So.2d at 903.
We also strike that portion of condition (7) of the appellant’s order of probation and order of community control which provides that “you will not use intoxicants to excess” since it is a special condition of probation which was not orally pronounced at sentencing. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995). That portion of condition (7) which prohibits the appellant from possessing “any drags or narcotics unless prescribed by a physician” is also stricken since it is too vague. Parsons, 650 So.2d at 177.
Accordingly, we affirm the convictions but strike those portions of conditions (4) and (7) mentioned above.
Affirmed as modified.
SCHOONOVER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.