PER CURIAM.
The appellant, David R. Levely, challenges the trial court’s judgments and sentences. After a review of the record in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the appellant’s convictions without discussion. However, we find that the trial court erred by imposing certain costs and probation conditions.
The appellant pled no contest to possession of cocaine, possession of marijuana, and possession of paraphernalia, in violation of sections 893.13(6)(a), 893.13(6)(b), and 893.147, Florida Statutes (1993). For the possession of cocaine charge, the trial court withheld adjudication of guilt and sentenced the appellant to serve two years probation, and ordered him to pay $280 in court costs and $25 cost of prosecution. For the possession of marijuana and possession of paraphernalia charges, the trial court withheld adjudication of guilt and sentenced the appellant to time served. This timely appeal followed.
In the order of probation, the trial court directed that $280 be dispersed to the “Lee County Clerk of Court (Court Costs)” and that $25 be dispersed to the “State Attorney’s Office (Cost of Prosecution).” Since the record must contain a citation to the proper statutory authority supporting the assessment of such costs and the record in our case contains no such statutory reference for either cost, those costs must be stricken. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
We also strike that portion of probation condition (4) which prohibits the carrying of weapons other than those enumerated in section 790.23, Florida Statutes (1993), since it is a special condition of probation that was not orally pronounced at sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). Furthermore, we strike that portion of the condition which implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer. Malone, 652 So.2d at 903.
 Next, that portion of condition (7) which prohibits the excessive use of intoxicants is stricken since it is a special condition of probation which was not orally pronounced at sentencing. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Furthermore, that portion of the condition which prohibits the appellant from possessing “any drugs or narcotics unless prescribed by a physician” is stricken because it is too vague. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995).
Last, we strike that portion of condition (12) which requires the appellant to “pay for” random urinalysis, breathalyzer, or blood tests since that portion of the condition is a special condition of probation which was not orally pronounced at sentencing. Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992).
We, accordingly, strike portions of conditions (4), (7), and (12) of the probation order improperly imposed upon the appellant and the costs mentioned above. We affirm the judgments and sentences in all other respects.
Affirmed as modified.
SCHOONOVER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.