PER CURIAM.
The appellant, Curtis Randall Weber, challenges the trial court’s judgments and sentences which were imposed after he entered a plea of nolo contendere to the charges of possession of marijuana and possession of paraphernalia, in violation of sections 893.13 and 893.147, Florida Statutes (1993). The appellant was adjudicated guilty and sentenced to serve two years probation for the possession of marijuana charge, to time served for the possession of paraphernalia charge, and to court costs. This timely appeal followed.
Although we affirm the appellant’s convictions, we find that the trial court erred in imposing certain conditions of probation and a $2 court cost.
We strike that portion of probation condition (4) which prohibits the carrying of weapons other than those enumerated in sec *2 tion 790.23, Florida Statutes (1993), since it is a special condition of probation that was not orally pronounced at sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). Furthermore, we strike that portion of the condition which implies that a felon can possess weapons otherwise prohibited with the consent of his probation officer. Malone, 652 So.2d at 903.
We also strike that portion of probation condition (7) which provides that “you will not use intoxicants to excess” since it is a special condition of probation which was not orally pronounced at sentencing. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995). That portion of the condition which prohibits the appellant from possessing “any drugs or narcotics unless prescribed by a physician” is also stricken since it is too vague. Parsons, 650 So.2d at 177.
Next, we strike the last sentence of probation condition (12) which requires the appellant to “pay for” random urinalysis, breathalyzer, or blood tests since that portion of the condition is a special condition of probation which was not orally pronounced at sentencing. See Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992).
Probation condition (13) requires the appellant to obtain, or make a good faith effort to obtain, either literacy skills or a high school diploma if the appellant does not possess a high school diploma, a general equivalency diploma, or have basic or functional literacy skills. We strike that condition since, as conceded by the state, the appellant has already obtained his high school diploma and is literate.
We also strike the $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), for criminal justice education programs and training courses, since it is a discretionary cost and the trial court did not give the appellant an opportunity to be heard. Faulk v. State, 661 So.2d 65 (Fla. 2d DCA 1995).
We, accordingly, affirm the convictions but strike probation condition (13), the above-mentioned portions of probation conditions (4), (7), and (12), and the $2 court cost.
Affirmed as modified.
SCHOONOVER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.