PARKER, Judge.
Mark Geeding appeals his conviction for second-degree murder with a deadly weapon and the resulting sentence. We affirm the conviction and length of the sentence without further comment. We, however, are compelled to strike parts of the special conditions of probation which the trial court imposed during sentencing.
Geeding challenged the following conditions: Condition (4): “You will not possess, carry or own any firearm. You will not possess, carry or own any weapons without first procuring the consent of your officer.” Condition (7): “You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.”
The trial court did not announce any special conditions at the sentencing. We affirm condition (4) insofar as it prohibits Geeding, a convicted felon, from owning or possessing a firearm. See § 790.23, Fla.Stat. (1993). We strike the portion of that condition implying that Geeding’s probation officer may consent to Geeding’s possession of a firearm. See Hart v. State, 651 So.2d 112 (Fla. 2d DCA *998 1995), review granted, 659 So.2d 1089 (Fla.1995). We also strike the portion of condition (7) that prohibits the excessive use of intoxicants because the court did not pro.-nounce it orally at sentencing. We affirm the balance of the condition as a precise definition of a general prohibition that need not be pronounced orally. See Hart, 651 So.2d at 114 (citing Tomlinson v. State, 645 So .2d 1 (Fla. 2d DCA 1994)).
We, therefore, strike portions of conditions (4) and (7), as set out above. Otherwise, we affirm the conviction and sentence.
CAMPBELL, A.C.J., and QUINCE, J., concur.