RYDER, Judge.
Eli Johnson and Katherine Washington challenge the trial court’s assessment of costs, the award of public defender’s fees and the imposition of certain probation conditions in connection with their convictions of misdemeanor offenses.
The trial court assessed each appellant identical costs: $50.00 pursuant to section 960.20, Florida Statutes (1993), $3.00 pursuant to section 943.25(3), Florida Statutes (1993), $2.00 pursuant to section 943.25(13), and $20.00 as a court improvement fund (CIF) cost. The CIF cost must be stricken. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). The $50.00 and $3.00 costs are mandatory and require no oral pronouncement. They are, therefore, affirmed. Reyes. The $2.00 cost is discretionary and requires an oral pronouncement *1054 which was not made by the trial judge. Reyes. We, therefore, strike the $2.00 cost without prejudice for the state to seek reimposition. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
The appellants also argue that the trial court improperly awarded public defender fees because the record cited no statutory authority for their imposition. At sentencing, they objected to the fee awards, and, therefore, the trial court conducted a separate hearing to determine the appropriate fee. At the hearing, the appellants’ attorneys testified as to their hours, hourly rates and fees, and an expert witness testified as to the reasonableness of the fee requests. The appellants did not object to the respective fee awards of $1,750.00. The judge announced the fee awards at the hearing and indicated that he would insert the amount in the final judgment; however, he failed to do so. The appellants’ further contention that the trial court must make specific findings of then-ability to pay before imposing the public defender’s fee was answered negatively in State v. Beasley, 580 So.2d 139 (Fla.1991). We find no error in the trial court’s assessment of the fee awards, but reverse and remand the final judgments for correction to comport with the court’s oral pronouncements.
Finally, Johnson and Washington object to certain probation conditions imposed without oral pronouncement. The first sentence of condition (7) which prohibits the use of intoxicants to excess is stricken because it is a special condition and the trial court failed to announce it in open court. Stark v. State, 650 So.2d 697 (Fla. 2d DCA 1995). However, the second sentence of condition (7) which prohibits a probationer from visiting places where intoxicants are illegally sold, dispensed or used is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. See Stark; Chitty v. State, 661 So.2d 26 (Fla. 2d DCA 1994).
The first sentence of condition (4) has been held valid as a general condition because felons may not possess firearms. Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995). Although Johnson was convicted of a misdemeanor here, he testified that he had once been convicted of a felony. Washington testified that she had been involved in a crime involving dishonesty, but the record is unclear whether she was adjudicated guilty or whether it was a felony. Therefore, the first sentence of condition (4) of Johnson’s order of probation is affirmed. If Washington has been adjudicated guilty of a felony, the first sentence of condition (4) of her probation order should also be affirmed. If not, it should be stricken. We remand the case to the trial court to make this determination. The second sentence of condition (4) which prohibits the probationer from possessing, carrying or owning any weapons without first procuring the consent of the probation officer is a special condition of probation that must be pronounced at sentencing in order to be valid. Parsons. Accordingly, we strike condition (4) in its entirety.
Affirmed in part, reversed in part and remanded for further proceedings.
THREADGILL, C.J. and WHATLEY, J., concur.