PER CURIAM.
Wallace Reid Hurt, Jr., who pled nolo con-tendere to DUI manslaughter, leaving the scene of an accident involving death, driving with a suspended license, and reckless driving, has appealed his judgment and sentence, raising six sentencing errors. On all but one issue, the state concedes error. We reverse and remand for resentencing consistent with this opinion.
First, the written judgment incorrectly reflects that Count III, driving with a suspended license, and Count IV, reckless driving, are felonies when, in fact, they are misdemeanors. §§ 316.192 and 322.34, Fla.Stat. (1993); Smith v. State, 634 So.2d 225 (Fla. 1st DCA 1994). Accordingly, the written judgment must be corrected. Further, the written order of probation for reckless driving does not conform to the oral pronouncement of sentence and must be modified to conform to the sentence orally pronounced. Armstead v. Florida, 612 So.2d 623, 624 (Fla. 1st DCA 1994).
Second, with the exception of $53 in costs, for which the statutory authority was *1146 given, the costs ordered must be stricken because the trial court failed to cite the statutory authority supporting these awards. Bradshaw v. State, 638 So.2d 1024 (Fla 1st DCA 1994). Moreover, it appears that a portion of the costs awarded include a public defender’s fee; however, any such fee must be reversed because Hurt did not have an opportunity to contest the amount of the fee. Stewart v. State, 645 So.2d 580 (Fla. 1st DCA 1994). Upon remand, the trial court can reimpose these costs and fees so long as these requirements are met.
Next, the parties agree that the written restitution order should be corrected to conform to the trial court’s oral pronouncement of restitution. In addition, Hurt correctly contends, and the state concedes, that, in condition 11 of the probation order, the trial court improperly delegated to the probation officer the authority to schedule restitution payments. White v. State, 606 So.2d 1265 (Fla. 1st DCA 1992); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991).
Finally, Hurt contends that conditions 4 and 6 of the probation order are improper because they were not orally pronounced at sentencing. These conditions are, as follows:
(4) You will neither possess, carry or own any weapons or firearms without first seeming the consent of your Probation Officer.
******
(6) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.
Our decision with respect to this sentencing issue is controlled by the recent opinion of the Florida Supreme Court in State v. Hart, 668 So.2d 589 (Fla.1996). In Hart, the court addressed the following certified question:
DOES THE SUPREME COURT’S PROMULGATION OF THE FORM ‘ORDER OF PROBATION’ IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
The court answered the question in the affirmative, holding:
Once defendants are charged and subject to the controlling terms of the rules of criminal procedure, we think the publication of general terms of probation in the rules provides all defendants with sufficient notice to permit an opportunity to object if probation is imposed. The rules provide the same type of notice as the probation conditions set forth in the Florida Statutes. See, e.g., §§ 948.03-.034, Fla. Stat. (1993)- [W]e hold that all defendants facing the imposition of probation are on constructive notice of conditions one through eleven set forth in the form for order of probation, which is contained in the rules of criminal procedure. Only those “special” conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing.
Id. at 593.
Among the conditions of probation set forth in Rule 3.986(e), Florida Rules of Criminal Procedure, are the following:
(4) You will not possess, carry or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer.
[[Image here]]
(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used....
In Hart, the defendant challenged three conditions of probation on the ground that the trial court failed to orally announce them at sentencing. One of them, condition 4 of Hart’s probation order, is identical to condition 4 challenged by Hurt in the instant case. Another condition in Hart’s probation order prohibited the use of intoxicants to excess, *1147 and prohibited Hart from visiting places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used. The supreme court in Hart ruled that these general probation conditions found in the order of probation form of Rule 3.896(e) could be imposed even absent oral pronouncement of them at sentencing.
Accordingly, as to condition 4 in Hurt’s probation order, under the rule established in Hart, we find no error in the failure to announce this condition at sentencing. Turning to condition 6 of the instant probation order, to the extent that Hurt was ordered not to use intoxicants to excess and not to visit places where intoxicants, drugs or other dangerous substances are unlawfrdly sold, dispensed, or used, we find that, consistent with Hart, the trial court did not err in failing to announce this condition at sentencing. The prohibition in condition 6 relating to possessing drugs or narcotics unless prescribed by a physician, however, must be stricken because this condition has been held to be impermissibly vague. Parsons v. State, 650 So.2d 176, 177-178 (Fla. 2d DCA 1996).
REVERSED and REMANDED for resen-tencing.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.