685 So.2d 53 (1996)
Frederick O'Neal GARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02180.
District Court of Appeal of Florida, Second District.
December 13, 1996.
*54 James Marion Moorman, Public Defender, and Michael J.P. Baker, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
HALL, VINCENT T., Senior Judge.
Frederick Garrison challenges the denial of his motion to suppress and certain costs and probation conditions imposed at sentencing. We conclude that the lower court properly denied the appellant's motion to suppress because the totality of the circumstances observed by the police officer contributed to his reasonable suspicion of criminal activity. We, therefore, affirm the denial of the appellant's motion to suppress and the final judgment, strike the $2.00 cost, affirm certain probation conditions and remand for the lower court to strike other probation conditions.
Based upon the totality of the circumstances, the police officer possessed a reasonable suspicion that criminal activity was afoot. See Tamer v. State, 484 So.2d 583 (Fla.1986). The officer was surveilling a known "drug hole" where numerous arrests had been made for drug offenses when he observed the appellant on a bicycle, a mode of transportation often used in drug transactions. Seventy-five to eighty percent of the undercover drug buys, in which he was an arrest team member, involved bicycles. The appellant was speaking to an unidentified black male and holding a pill bottle, a type of container frequently used to store crack cocaine. He saw the appellant accept currency from the other black male, but did not actually see any exchange of crack cocaine. The officer suspected a drug transaction had occurred because of the area of town, the exchange of currency and the pill bottle the appellant held. The circumstances observed by the experienced police officer were sufficient for him to reasonably suspect the appellant of criminal activity and to make an investigatory stop. Once stopped, the appellant consented to a search. We conclude that the lower court correctly denied the appellant's motion to suppress, and affirm his conviction.
The appellant also disputes certain costs imposed. At the sentencing hearing, the judge announced a $500.00 attorney's fee lien and advised the appellant of his right to contest the amount. The appellant correctly contends that the lien was improperly assessed because neither the judge nor the record recited section 27.56, Florida Statutes (1995), the statutory authority for its imposition. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Public defender fees require compliance with the notice procedures for discretionary costs. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We, therefore, remand for the trial court to allow Garrison thirty days from the date of the mandate to file a written objection to the amount assessed. If an objection is filed, the trial court shall strike the assessment and shall not impose a new assessment without notice and hearing, pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992); Wilson v. State, 675 So.2d 613 (Fla. 2d DCA 1996).
Similarly, the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1995), is a discretionary cost and must be pronounced at sentencing. Reyes, 655 So.2d at 117. Accordingly, we strike the $2.00 cost.
Finally, the appellant contends that certain probation conditions were not orally announced and were, therefore, improperly imposed. State v. Hart, 668 So.2d 589 (Fla. 1996). The special condition of probation, which ordered the appellant to submit, "at his own expense," to a drug and alcohol evaluation must be orally announced. Although the evaluation requirement was pronounced, the clause that required the appellant to pay for the evaluation was not. That portion of the condition should be stricken. Nank v. State, 646 So.2d 762, 764 (Fla. 2d DCA 1994).
*55 Condition (7) is a standard condition published in Florida Rule of Criminal Procedure 3.986 and, as such, requires no oral announcement. Hart, 668 So.2d 589. But that portion of condition (7) which prohibits the possession of drugs or narcotics unless prescribed by a physician must be stricken because it is impermissibly vague. Parsons v. State, 650 So.2d 176, 177-78 (Fla. 2d DCA 1995). The phrase "or possess any drugs or narcotics unless prescribed by a physician" should be stricken.
We affirm condition (o), which required that the appellant obtain a graduate equivalency degree (GED) and permitted him to "study off" his community service hours by enrolling within thirty days in the GED program and remaining successfully enrolled. The trial judge orally pronounced this special condition, and it is referred to in the order of probation. The trial judge also ordered in condition (n) that the appellant complete 100 hours of community service. The order of probation specified that he complete ten hours per month. We agree with the state that the monthly requirement does not alter that portion of the sentence imposed. We, therefore, affirm conditions (n) and (o) of the order of probation.
The appellant correctly argues that there is no statutory authority for the special condition that he be allowed to use community service hours to work off court costs. See Price v. State, 620 So.2d 1105 (Fla. 4th DCA 1993). This provision should be stricken.
We, therefore, affirm the judgment and sentence, strike the $2.00 cost and certain probation conditions, affirm other probation conditions and remand for further proceedings in accordance with our opinion.
FRANK, A.C.J., and ALTENBERND, J., concur.