701 So.2d 367 (1997)
Navarrion JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02641.
District Court of Appeal of Florida, Second District.
October 24, 1997.
*368 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Navarrion Johnson appeals his conviction and sentence for a home invasion robbery that occurred in July 1995. We affirm his conviction and his sentence of seventy-two months' imprisonment followed by five years' probation. We strike the $100 imposed for investigative costs. See Mickler v. State, 682 So.2d 607 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). On remand, the State may seek reimposition of this cost item after complying with section 939.01, Florida Statutes (1995), as specified in Reyes.
*369 Mr. Johnson also asks this court to strike that portion of condition seven in his standard probation order prohibiting him from possessing "any drugs or narcotics unless prescribed by a physician." On prior occasions we have stricken this condition, either because it was not orally announced,[1] or because it was "vague."[2] Because of changes in the law by the supreme court and the legislature, we conclude this condition of probation is authorized for offenses occurring on or after June 15, 1995.
This court en banc recently addressed condition four in the 1993 standard probation order and held that it is valid in light of the supreme court's decision in State v. Hart, 668 So.2d 589 (Fla.1996). Houston v. State, 701 So.2d 372 (Fla. 2d DCA 1997). Much of the reasoning in that case applies to this case. It is now clear that condition seven, like condition four, does not need to be orally announced at sentencing. See Ringling v. State, 678 So.2d 1339 (Fla. 2d DCA 1996). The question remains whether it is "impermissibly vague." Garrison v. State, 685 So.2d 53, 55 (Fla. 2d DCA 1996).[3]
This court first held in Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995), that condition seven was vague. Parsons involved an offense that occurred prior to 1993. The language used in condition seven has now been approved by the supreme court. See Fla.R.Crim.P. 3.986(e). More important, the language is now taken from a statutory condition of probation. Section 948.03(1)(m), Florida Statutes (1995), authorizes a trial court to require, as a condition of probation or community control, that the defendant
[b]e prohibited from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician.
Section 948.03(1) states that this condition "does not require oral pronouncement at the time of sentencing and may be considered [a] standard" condition of probation. Thus, effective June 15, 1995, condition seven is a statutory condition of probation. See ch. 95-283, § 59, Laws of Fla.
This court has not reviewed condition seven since it became a statutory condition. Thus, our prior cases that rejected the condition are not controlling. We are no longer evaluating language in a particular order, but rather language authorized by the legislature. At this time, we can strike condition seven only if the statute is unconstitutionally vague.
Reasonably construed, the statutory condition prohibits possession of "prescription" drugs unless prescribed by a physician. As written, however, the condition could be interpreted to prohibit a defendant's possession of aspirin or over-the-counter antacid tablets without a doctor's prescription.[4]See Parsons, 650 So.2d at 178. The issue is whether the possibility of an overly broad interpretation renders the statute unconstitutionally vague.
The established test for statutory vagueness is "whether the language of the *370 statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice." State v. Lindsay, 284 So.2d 377, 379 (Fla.1973). It is not our role to imagine "odd scenarios" that might test the limits of this statute, L.B. v. State, 700 So.2d 370, 371-73 (Fla.1997), but rather to read the language from the perspective of the "normal reader." Id. (quoting United States v. Powell, 423 U.S. 87, 93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975)). Although a condition of probation is not itself a criminal offense, we conclude that a statute imposing a condition of probation must be construed favorably to the accused. See § 775.021(1), Fla.Stat. (1995). Additionally, any ambiguity in a condition imposed at sentencing will affect the state's ability at a later date to establish a willful violation of that condition. See Williams v. State, 556 So.2d 480 (Fla. 2d DCA 1990).
This statutory condition clearly provides adequate warning to probationers to avoid illegal drugs.[5] It warns them not to possess narcotics or prescription drugs without a doctor's prescription. We doubt that a typical reader of this statute would assume that a trip to the doctor was necessary before buying a legal, over-the-counter medication at the drugstore or supermarket. To avoid any possible doubt, we expressly construe this statute to apply only to illegal drugs and prescription drugs possessed without a doctor's prescription. This condition does not authorize the State to seek a revocation of probation for possession of a lawful, over-the-counter medication.
Affirmed as modified.
THREADGILL, A.C.J., and LAZZARA, J., Concur.
NOTES
[1] See Raimondo v. State, 666 So.2d 180 (Fla. 2d DCA 1995); Geeding v. State, 662 So.2d 997 (Fla. 2d DCA 1995); Williamson v. State, 658 So.2d 617 (Fla. 2d DCA 1995); Dexter v. State, 654 So.2d 1248 (Fla. 2d DCA 1995); Heathcoe v. State, 654 So.2d 1258 (Fla. 2d DCA 1995); Howard v. State, 652 So.2d 956 (Fla. 2d DCA 1995); Reed v. State, 652 So.2d 912 (Fla. 2d DCA 1995); Emond v. State, 652 So.2d 419 (Fla. 2d DCA 1995), quashed, 668 So.2d 599 (Fla.1996); Stark v. State, 650 So.2d 697 (Fla. 2d DCA 1995).
[2] See Weber v. State, 691 So.2d 1 (Fla. 2d DCA 1995); Levely v. State, 685 So.2d 847 (Fla. 2d DCA 1995); Cooper v. State, 660 So.2d 811 (Fla. 2d DCA 1995); Williams v. State, 658 So.2d 1172 (Fla. 2d DCA 1995); Hall v. State, 661 So.2d 63 (Fla. 2d DCA 1995); Parsons v. State, 650 So.2d 176 (Fla. 2d DCA 1995).
[3] In Houston v. State, 701 So.2d 372 (Fla. 2d DCA 1997), we noted that the other districts had not adopted our analysis of condition 4. See 701 So.2d at 373 n. 4. The same situation appears to apply to condition seven. We have located only one case in which another district has stricken condition seven for "vagueness." See Hurt v. State, 670 So.2d 1144 (Fla. 1st DCA 1996). Hurt did not involve the standard condition found in the Florida Rule of Criminal Procedure 3.986(e) form probation order or an offense committed after June 15, 1995.
[4] This literal interpretation of standard conditions four and seven authorizes the probation officer to allow the defendant to possess a machete, but not an antibacterial cream for use on minor cuts.
[5] Possession of illegal drugs is already prohibited by standard condition five, which orders a probationer to "live without violating the law."