NORTHCUTT, Judge.
Francis Joly pleaded nolo contendere to two charges that he obtained property by a worthless cheek in February 1995. He also admitted he violated the terms of his probation, previously imposed for drug related offenses. At sentencing, the trial court ordered him to serve several terms of community control, to be followed by drug offender probation. Joly now raises two issues for our review. First, he asserts that the trial court accepted his plea without making a sufficient inquiry about a possible defense to the worthless check charges. We disagree, and affirm Joly’s convictions without further comment. Next, he raises numerous challenges to the conditions of his community control and probation and to the costs imposed. We will separately address these contentions.
COSTS
We first note that the judgment in this case was entered seven months after our decision in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Nevertheless, the trial court assessed three separate costs without regard to the procedures set out in that opinion. We strike the $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because it is a discretionary cost that was not orally announced at Joly’s sentencing. We *571 strike the $198 assessment for the court improvement fund because no legal basis exists for its imposition. We strike the $100 contribution to the Hillsborough County Drug Fund (HCDF) because the court did not refer to any statutory authority for its imposition, either at the hearing or in any of the written documents. See Reyes. The court also ordered Joly to pay $100 to the HCDF as a condition of community control and probation. We will address that requirement in the next section.
CONDITIONS OF COMMUNITY CONTROL AND PROBATION
The trial court did not announce the following special conditions of community control and probation at sentencing, so we must strike them: (1) the portion of probation condition 12 that requires Joly to successfully complete treatment programs, see Scott v. State, 681 So.2d 738 (Fla. 2d DCA 1996); (2) the portions of probation conditions 12 and 14 and community control condition A relating to alcohol, see Sims v. State, 688 So.2d 337 (Fla. 2d DCA 1996); (3) the parts of probation conditions 12 and 14 and community control conditions A and F requiring payment for evaluation, referral, treatment, urinalysis, breathalyzer or blood tests, see Curry v. State, 682 So.2d 1091 (Fla.1996); (4) probation condition 16, which forbids Joly to use alcohol and visit places where alcohol is sold, see Reed v. State, 652 So.2d 912 (Fla. 2d DCA 1995); (5) community control condition D ordering Joly to participate in self improvement programs, see Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994); (6) probation condition 16 mandating a 9:00 p.m. curfew, see Ringling v. State, 678 So.2d 1339 (Fla. 2d DCA 1996); and, (7) probation condition H and community control condition M that require payment of $100 to the HCDF, see Reyes, 655 So.2d at 119. Additionally we strike probation condition K and community control condition S, which permit Joly to convert monetary costs to community service hours, because no statutory authority exists for these conditions. See Garrison v. State, 685 So.2d 53 (Fla. 2d DCA 1996). Garrison also mandates that we strike the portions of probation condition 7 and community control condition 7 that prohibit possession of narcotics or drugs unless prescribed by a physician because they are impermissibly vague.[1]
Joly also challenges the portions of probation condition 14 and community control condition A that require him to submit to testing for controlled substances “at any time requested by your [probation or community control] officer, or the professional staff of any treatment center....” We first note that this is a statutorily authorized condition, and thus, need not be orally announced. § 948.03(l)(j)l., Fla. Stat. (1993); State v. Hart, 668 So.2d 589 (Fla.1996). At the hearing, however, the court ordered drug evaluation within thirty days and weekly drug screening for the first six months of community control. We, therefore, remand with directions to conform the written order of community control to the court’s oral pronouncement concerning the first six months of community control. The condition, as written, is affirmed as it relates to Joly’s period of probation, and to the second six months of his one-year period of community control.
Conviction affirmed; certain costs, probation conditions and community control conditions stricken, modified or affirmed.
PARKER, C.J., and ALTENBERND, J., concur.

. As we previously noted, Joly’s crimes were committed in February 1995. Consequently, our reasoning in Johnson v. State, 701 So.2d 367 (Fla. 2d DCA 1997), is not applicable in this case.