PER CURIAM.
Willie B. Lynn appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion Lynn alleged that his trial counsel was ineffective because he failed to investigate or call three witnesses, who Lynn named, and who would have testified that Lynn was with them at another location when the armed robbery, for which he was convicted, occurred. If true, this allegation might entitle Lynn to postconviction relief. See Young v. State, 511 So.2d 735 (Fla. 2d DCA 1987). The trial court, however, denied the motion without an evidentiary hearing and failed to attach to its order any portion of the files or record to refute Lynn’s allegation.
Accordingly, we reverse the order denying Lynn’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Lynn is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute the allegation. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Reversed and remanded with instructions.
FRANK, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.