PER CURIAM.
The appellant, Douglas Parsons, challenges the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We determine that only one of appellant’s claims has merit. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
Appellant alleged that his trial counsel was ineffective because he failed to investigate or call three named witnesses. In support of his allegation, appellant specified in great detail how each witness would have rebutted the state’s theory of prosecution which was based on transferred intent.[1] If true, this claim might entitle appellant to postconviction relief. See, e.g., Campbell v. State, 616 So.2d 995 (Fla. 2d DCA 1992); Lynn v. State, 565 So.2d 864 (Fla. 2d DCA 1990). The trial court, however, denied the motion without an evidentiary hearing and failed to attach to its order any part of the record which would conclusively refute appellant’s allegations under this claim. Accordingly, we reverse and remand on this point with directions that the trial court follow the procedure outlined in Lynn in resolving this claim. We otherwise affirm.
*878 Affirmed in part, reversed in part, and remanded for farther proceedings with directions.
RYDER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.

. The facts of this case are set out in Parsons v. State, 608 So.2d 67 (Fla. 2d DCA 1992), appeal after remand, 650 So.2d 176 (Fla. 2d DCA 1995).