QUINCE, Judge.
Patrick Scott Murphy appeals his judgment and sentence alleging the trial court erred in denying his motion to withdraw his plea and imposing certain conditions of probation and costs. We affirm the denial of the motion to withdraw his plea without further comment, but reverse and modify three conditions of probation and four cost items.
Probation condition four provides, “you will neither possess, carry, nor own any weapon or firearm without first securing the consent of your probation officer.” The portion of this condition that prohibits the carrying of weapons other than those enumerated in section 790.23, Florida Statutes (1993), must be stricken as it was not orally pronounced. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). To the extent this condition implies a felon may possess a prohibited weapon or firearm with the permission of his probation officer, it must be stricken. Id. at 903.
We also strike that portion of condition seven prohibiting the use of intoxicants to excess. This is a special condition of probation requiring an oral pronouncement. Tomlinson v. State, 645 So.2d 1 (Fla.2d DCA 1994). Additionally, those portions of condition thirteen which require Murphy to pay for the evaluation and treatment of any alcohol or drug problem are stricken. This special condition of probation was also not orally pronounced at sentencing. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Lastly, we strike the following costs items: $12.00 to First Step, Inc.; $125.00 in attorney’s fees and costs; $300.00 in an unnumbered special probation condition; and payment of any debt due and owing to the state. In Reyes v. State, 655 So.2d 111 (Fla. *184 2d DCA 1995), we stated a defendant must be given notice and an opportunity to be heard before imposition of discretionary costs. All the above discretionary items were imposed without notice or opportunity to object; therefore, they are stricken. Additionally, the $300.00 item has no reference to any statutory authority. These costs may be reimposed on remand after notice and an opportunity to be heard.
Affirmed in part; reversed and remanded in part.
FRANK, A.C.J., and LAZZARA, J., concur.