820 So.2d 408 (2002)
Luis VIDAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3214.
District Court of Appeal of Florida, Second District.
June 26, 2002.
James Marion Moorman, Public Defender, and John C. Fisher, Asst. Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Luis Vidal, a juvenile, was charged as an adult with two counts of burglary and two counts of grand theft. In contemplating a plea to the charges, he inquired if the trial court would consider sentencing him as a juvenile. The trial court, in its discretion, indicated that it would sentence him as an adult if he pleaded. He nevertheless pleaded guilty to the charges and received a guidelines sentence of fifty-eight months for each count, to be served concurrently, with restitution and costs imposed. All but one of the several errors in the orders for restitution and costs were corrected via a Florida Rule of Criminal Procedure 3.800(b)(2) proceeding before his counsel filed this appeal and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
After careful review of the record, as directed by In re Anders Briefs, 581 So.2d 149 (Fla.1991), we affirm the convictions and sentences, except for the imposition of $150 in costs pursuant to section 939.18, Florida Statutes (2000). These are discretionary costs, Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), that were imposed without specific oral pronouncement or the statutorily required inquiry. As in Patterson v. State, 796 So.2d 572 (Fla. 2d DCA 2001), review denied, No. SC01-2256, 817 So.2d 849 (Fla. April 4, 2002), we reverse this portion of the sentence and remand with instructions to strike this cost from *409 the judgment. On remand, the trial court may again impose this cost after complying with section 939.18.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY, NORTHCUTT, and CASANUEVA, JJ., concur.