862 So.2d 901 (2003)
Adam Lawrence CATON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2612.
District Court of Appeal of Florida, Second District.
December 19, 2003.
*902 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Adam Lawrence Caton appeals from his judgment and sentence for burglary and grand theft following the revocation of his probation. Caton alleges that the trial court erred in imposing certain conditions of probation. We agree and reverse.
As a condition of Caton's probation, the court ordered Caton to pay a $150 Court Facilities Fee (condition 22), and $1 per month to First Step, Inc. (condition 25). After filing a notice of appeal in this court, Caton filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), arguing that these fees should be stricken because the trial court failed to conduct an inquiry pursuant to section 939.18(1)(b), Florida Statutes (2001), regarding his ability to pay the Court Facilities Fee, and failed to cite the statutory authority for the $1 per month fee to First Step, Inc.
After the sixty-day time period provided in rule 3.800(b)(2) had expired, the trial court entered an order in which it found that Caton did not have the ability to pay the $150 fee and imposed this fee as a lien. The trial court found that Caton had the ability to pay the $1 per month fee and upheld the imposition of this cost. We agree with Caton that the trial court's order was a nullity because it was entered after the expiration of the sixty-day time period provided for in rule 3.800(b)(2). See Jackson v. State, 793 So.2d 117 (Fla. 2d DCA 2001) (holding order granting relief on motion to correct sentencing error a nullity where the order was entered after the expiration of the sixty-day time period); McGuire v. State, 779 So.2d 571 (Fla. 2d DCA 2001) (holding that the trial court cannot extend the time to resolve a motion for correction of sentence while appeal is pending after the motion has already been automatically denied by expiration of sixty-day period and there has been no request for an extension within the sixty-day period).
Accordingly, we strike the $150 discretionary Court Facilities Fee in condition 22 because of the trial court's failure to conduct the statutorily required inquiry. On remand, the trial court may impose this fee after compliance with section 939.18. See Vidal v. State, 820 So.2d 408 (Fla. 2d DCA 2002). We also strike condition 25 requiring Caton to pay $1 per month of probation to First Step, Inc., because the trial court provided no statutory reference for the imposition of this cost. On remand, the trial court may impose this cost after appropriate notice and an opportunity to be heard. See Miller v. State, 679 So.2d 1186 (Fla. 2d DCA 1996); Murphy v. State, 666 So.2d 182 (Fla. 2d DCA 1995).
Reversed and remanded with directions.
CASANUEVA and CANADY, JJ., concur.