898 So.2d 1109 (2005)
Julieanne M. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4432.
District Court of Appeal of Florida, Second District.
March 30, 2005.
*1110 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Julieanne M. Smith appeals the "corrected" sentence imposed on her in response to the State's "motion to reconsider sentence." Because the State's challenge to Ms. Smith's original sentence was not cognizable in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), we vacate the "corrected" sentence and remand this case to the trial court with directions to reinstate the original sentence.
On July 9, 2003, Ms. Smith was before the trial court on an affidavit alleging that she had violated the terms and conditions of her community control. She admitted the alleged violations. Ms. Smith's criminal punishment code scoresheet filed the same day indicated 49.2 months as her lowest permissible prison sentence. Although the trial court did not offer any reason  either oral or written  for imposing a downward departure sentence, the State made no objection when the trial court sentenced Ms. Smith to 364 days in the Hillsborough County Jail. Our record suggests that  with credit for time served  this sentence would have resulted in Ms. Smith's release from the county jail within approximately sixty days from sentencing.
On July 11, 2003, only two days after the original sentence was imposed, the State filed its motion to reconsider sentence. In its motion, the State pointed out that Ms. Smith scored to a 49.2-month prison sentence and that the 364-day county jail sentence previously imposed was considerably below the lowest permissible sentence. Because the trial court had imposed a downward departure sentence without written reasons, the State contended that Ms. Smith "was given an illegal sentence." The State asked that Ms. Smith's sentence "be reconsidered and modified to reflect a legal guideline sentence."
On August 28, 2003, Ms. Smith was before the trial court again on the State's motion. The trial court noted for the record that it had sentenced Ms. Smith to 364 days in the county jail "in error." The trial court continued: "[T]here was no legal reason for a downward departure, and I sentenced her incorrectly based upon the misconception that I thought she scored any nonstate. I was wrong, it was an illegal sentence, and I am going to resentence her at this time." The trial court then set aside the original county jail sentence and resentenced Ms. Smith to 49.2 months in prison, with credit for time served.
On Ms. Smith's appeal of the resentencing, the State argues that Ms. Smith was properly resentenced because the original commitment to the county jail was an illegal sentence. The State supports its position by citing to case law holding that there must be a valid legal ground and adequate factual support for a departure sentence, Banks v. State, 732 So.2d 1065 (Fla.1999), and to Florida Rule of Criminal Procedure 3.704(d)(27)(A), which requires the trial court to provide a written statement delineating the reasons for departure.
The State did not take a direct appeal from Ms. Smith's sentence. Instead, the State sought relief by motion in the trial court. The State characterized its motion as a "motion to reconsider sentence." The State did not cite any rule of procedure as authority for its filing. Therefore, we must determine the pertinent *1111 rule by a process of elimination. The only rule that could apply is Florida Rule of Criminal Procedure 3.800. The State may file a motion to correct sentencing error under rule 3.800(b) only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error. We may eliminate rule 3.800(b) because the State's motion did not seek to do either. Pursuant to rule 3.800(c), a court may reduce a legal sentence or modify such a sentence to include any of the provisions of chapter 948, Florida Statutes. The State's motion sought to increase the original sentence, not to reduce or modify it. In addition, the State contended that the sentence was illegal. Thus we may also eliminate rule 3.800(c), leaving only rule 3.800(a) remaining.
Rule 3.800(a) provides, in pertinent part, that "[a] court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet." In this case, the State does not contend that the calculation in the sentencing scoresheet was in error. In fact, the scoresheet indicated 49.2 months as Ms. Smith's lowest permissible sentence, and this is the sentence the trial court imposed on resentencing her. Although the trial court erred in imposing a downward departure sentence without providing written reasons for the departure, an error of this type is not cognizable under rule 3.800(a) as an illegal sentence. Maddox v. State, 760 So.2d 89, 107-08 (Fla.2000); Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), receded from in part on other grounds, Mack v. State, 823 So.2d 746 (Fla.2002); Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993). Consequently, we must vacate the "corrected" sentence and remand this case to the trial court with directions to reinstate the original sentence.
Sentence vacated; remanded with directions.
SALCINES and STRINGER, JJ., Concur.