WALLACE, Judge.
Jarvis Lamar Wilson raises three issues on appeal from his judgment and sentence for attempted robbery with a weapon. We affirm Wilson’s conviction and his sentence of fifteen years’ imprisonment, but we reverse the imposition of an item of costs and remand for further proceedings limited to that issue.
Wilson’s initial point challenges the trial court’s order denying his motion to suppress statements he made to police officers who were investigating an attempted robbery at a Denny’s Restaurant. After a thorough review of the record, we conclude that the trial court did not commit reversible error in denying Wilson’s motion to suppress. We also find that the trial court did not abuse its discretion by limiting defense counsel’s closing argument at Wilson’s trial.
*260 In his third issue, Wilson attacks the imposition of a $150 discretionary court cost for court facilities pursuant to section 939.18, Florida Statutes (2002). Wilson’s claim of sentencing error was preserved. See Fla. R.Crim. P. 3.800(b)(2).
Section 939.18(l)(b) requires the court to make two inquiries before it may impose the additional court cost for court facilities. First, it must find that the defendant has the ability to pay. Second, it must find that payment of the cost will not prevent the defendant from making restitution or paying child support. In this case, the trial court made the second inquiry but not the first. Therefore, we strike this cost. See Caton v. State, 862 So.2d 901, 902 (Fla. 2d DCA 2003). On remand, the trial court may impose this cost after compliance with section 939.18(1)(b). Id. The judgment and sentence are affirmed in all other respects.
Judgment affirmed; sentence affirmed in part, reversed in part, and remanded.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, Concur.