900 So.2d 776 (2005)
Richard Allen BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-985.
District Court of Appeal of Florida, Second District.
May 6, 2005.
*777 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
The appellant, Richard Allen Bell, challenges his sentence for aggravated stalking. He claims that (1) the trial court erred in failing to correct the written sentence of 54.15 months in prison to conform to the orally pronounced sentence of 54 months; and (2) the trial court erroneously imposed the discretionary $150 court facilities cost without determining Bell's ability to pay. The State concedes error. We reverse.
At the time Bell changed his plea to guilty, he understood that his prison sentence would be 54.15 months, the bottom of the applicable sentencing guidelines. Yet, in the plea colloquy and in its oral pronouncement of sentence, the trial court stated that Bell's sentence would be 54 months. The trial court did not offer any reason at the hearing for imposing what was effectively a downward departure sentence. The State did not object. The written sentence reflected a prison term of 54.15 months.
Bell filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) because the written sentence did not conform to the oral pronouncement. The motion also claimed that the trial court erred in imposing the discretionary $150 court facilities cost without determining Bell's ability to pay. The trial court granted the motion to correct sentencing error as to the first claim, acknowledging that the oral pronouncement of a sentence controls. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003).
Instead of correcting the sentencing documents to conform to the oral pronouncement of 54 months, as Bell requested, the trial court ordered a resentencing *778 hearing to orally pronounce the 54.15-month prison sentence. The trial court concluded that it had imposed an illegal sentence because the orally pronounced 54 months was a downward departure without written reasons. The trial court concluded that its only option was to resentence Bell within the guidelines. It cited no rule of procedure authorizing this action.
Florida Rule of Criminal Procedure 3.800 allows a trial court to correct a sentencing error. See Smith v. State, 898 So.2d 1109 (Fla. 2d DCA 2005). Rule 3.800 allows correction, reduction, and modification of sentences as follows: (a) a trial court, at any time, may correct an illegal sentence it imposed; (b) the defendant or the State may file a motion to correct a sentencing error, including an illegal sentence, if it benefits the defendant or to correct a scrivener's error; and (c) a trial court may reduce or modify a legal sentence. None of these grounds support the trial court's resentencing of Bell to 54.15 months in prison.
Rule 3.800(a) does not apply because the trial court's failure to provide written reasons for a downward departure does not render the orally pronounced sentence illegal. See Carter v. State, 786 So.2d 1173, 1176-77 (Fla.2001); Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993); Smith, 898 So.2d 1109. Rule 3.800(b) is inapplicable because the "correction" of the sentencing error does not benefit Bell or correct a scrivener's error. Rule 3.800(c) does not apply because the "correction" imposes an increased sentence. Therefore, we vacate the "corrected" sentence and remand to the trial court with directions to reinstate the 54-month sentence.
In addition, we strike the $150 court facilities cost because the trial court erred in imposing it without determining Bell's ability to pay. See § 939.18, Fla. Stat. (2001). On remand, the trial court may impose this cost after compliance with section 939.18. See Caton v. State, 862 So.2d 901, 902 (Fla. 2d DCA 2003); Vidal v. State, 820 So.2d 408, 408-409 (Fla. 2d DCA 2002); Reyes v. State, 655 So.2d 111, 114 (Fla. 2d DCA 1995).
Sentence vacated; remanded with directions.
ALTENBERND, C.J., and KELLY, J., Concur.