PER CURIAM.
 

 Appellant, Paul Willard, appeals the trial court’s order denying his motion to correct sentencing error, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Willard contends that the trial court erred by denying his request to correct the amount of the restitution award in the final judgment following revocation of probation. We agree.
 

 Because a motion to correct a sentencing error involves a “purely legal issue,” an appellate court’s standard of review for such a motion is de novo.
 
 See T.L.S. v. State,
 
 949 So.2d 290, 291 (Fla. 5th DCA 2007) (stating that the review of a juvenile’s motion to correct a sentencing error is conducted under the de novo standard of review).
 

 “Florida Rule of Criminal Procedure 3.800 allows a trial court to correct a sentencing error.”
 
 Bell v. State,
 
 900 So.2d 776, 778 (Fla. 2d DCA 2005). This includes a “scrivener’s error.” A scrivener’s error occurs when a trial court fails to state the correct amount of restitution still owed to a victim in a final judgment following revocation of probation.
 
 See Cherry v. State,
 
 718 So.2d 294, 295 (Fla. 2d DCA 1998).
 

 In this case, the trial court erred by committing a scrivener’s error via its fail
 
 *865
 
 ure to state the correct amount of restitution still owed by Willard in the final judgment following Willard’s revocation of probation. It should have corrected this sentencing error via Willard’s rule 8.800 motion. Specifically, Willard, after pleading guilty to dealing in stolen property, was, as part of his probation, ordered to pay $56,000.00 in restitution. Willard paid part, but not all, of the restitution owed during his probationary period. Upon revoking Willard’s probation, the trial court should have stated the amount still owed in restitution in the final judgment following revocation of probation — not the original amount awarded.
 

 We, therefore, reverse the trial court’s order denying Willard’s Rule 3.800(b)(2) Motion to Correct Sentence and remand with directions for the trial court to correct the final judgment following revocation of probation to state the proper amount of restitution still owed by Willard.
 

 Reversed and Remanded With Directions.
 

 HAZOURI, DAMOORGIAN and CIKLIN, JJ., concur.