DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUAN EMILIO VILLANUEVA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-534

[March 21, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502011CF003334A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for second degree murder, aggravated battery, and shooting into a building. He argues the trial court erred in: (1) denying his motion for mistrial based on juror misconduct; (2) allowing the State to admit a witness's testimony after a late disclosure; and (3) failing to grant his motion to correct sentence based on the court's imposition of consecutive minimum mandatory sentences. We affirm on issues one and two without comment, but reverse and remand the case on the third issue.

During an incident at a mobile home park, the defendant shot at a group of people in a field. Two of them died. A third person sustained injury due to a gunshot wound. The State charged the defendant with two counts of second-degree murder, one count of aggravated battery with a firearm, and one count of shooting into a building.

The jury found the defendant guilty as charged. The trial court sentenced him to 25 years and 40 years on the two counts of second-degree murder, 25 years on the aggravated battery count, and five years

for shooting into a building. All sentences were to run consecutively. On the counts of second-degree murder and aggravated battery, the court imposed consecutive 25-year minimum mandatory sentences. The defendant now appeals.

In his third issue, the defendant argues the trial court erred in failing to grant his motion to correct a sentencing error. This occurred when the trial court failed to rule on the motion within sixty days. *See* Fla. R. Crim. P. 3.800(b)(2)(B) (providing that a motion to correct a sentencing error is deemed denied when the trial court does not rule on the motion within 60 days). He argues the trial court was under the mistaken belief it was required to impose the minimum mandatory sentences consecutively. The State agrees and requests a remand for resentencing in accordance with *Williams v. State,* 186 So. 3d 989 (Fla. 2016).

We have de novo review. *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009).

Florida's 10-20-Life statute provides:

> [O]ffenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. *The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.*

§ 775.087(2)(d), Fla. Stat. (2016) (emphasis added).

During sentencing, the trial court believed it was required to sentence the defendant to consecutive mandatory sentences in accordance with the 10-20-Life statute. Shortly thereafter, our supreme court issued *Williams*. There, the supreme court held that consecutive minimum terms of imprisonment for multiple offenses are not required by the 10-20-Life statute, but are permissible, when the offenses arise from a single criminal episode. *Williams*, 186 So. 3d at 990.

Because the trial court did not have the benefit of *Williams*, we reverse and remand the case to the trial court for resentencing.

*Affirmed in part; reversed in part; and remanded.*

2

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***